362 So.2d 519 (1978)
STATE of Louisiana
v.
Benny Allen BOEN.
No. 61568.
Supreme Court of Louisiana.
September 5, 1978.
Bernard E. Fulghum, Jr., Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., William L. Brockman, Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
Defendant Benny Allen Boen was convicted of distribution of a controlled dangerous substance (tenuate) and sentenced as a multiple offender to serve five years imprisonment.
On appeal the defendant presents one argument based on three assignments of error for a reversal of his conviction. The defendant contends that the trial court abused its discretion in limiting the scope of voir dire examination. The following excerpts from the transcript are pertinent to defendant's argument:
(Twelve prospective jurors called)
"BY THE COURT:
. . . Is there anyone among you who has ever been employed by the State Police, the City of New Orleans Police Department, the Bureau of Narcotics and Dangerous Drugs of the United States Government? I take it by your silence that you have not."
. . . . . .
*520 "BY THE PROSECUTOR:
. . . You will also hear, as I have told you, predominately from police officers for the State's case today. What I would like to ask you is do you feel that you can apply, assuming that the judge will tell you, if he can tell you at the end of the trial the law that you should apply and assuming that he will tell you that you are to judge all witnesses by the same standards and he many give you some standards and suggest to you other standards, do you feel that you can judge the police officers that you will hear by the same standards, not greater and not less than any other witnesses that are here today. Do you feel that you would hold police officers to a lesser degree or to a higher standards. If you do, would you raise your hands?"
. . . . .
"BY DEFENSE COUNSEL:
Now, are any of you familiar with a bar called Egor's Lounge on St. Charles Street? Are any of youthe judge asked you if you had any relatives or friends on the Drug Enforcement Administration. Any of you have any relatives or friends on any law enforcement such as a security guard or
BY THE COURT:
No, I will not permit that question. That is too general. I asked the question as to whether or not you have any close friends with whom you discussed often whose business is a law enforcement officer. I feel that everybody knows somebody who is involved or had some relative. Anyone among you now seated in the jury box who has a relative or close friend who is employed in law enforcement capacity with whom you discuss their business often?
BY DEFENSE COUNSEL:
Your Honor, note an objection.
BY THE COURT:
Okay.
BY DEFENSE COUNSEL:
Now, as Miss Myers told you, you do evaluate the testimony of police officers as you would any other witnesses. Would you give a witness that stood before you, a lay witness as opposed to a police officer, would you give any more credibility than you would any other person? Would each of you judge him just as you would say a defendant on the stand on the same basis of credibility judgement?"
. . . . .
(Three prospective jurors called)
"BY THE COURT:
. . . Is there anyone among who has ever been employed by any agency whose primary purpose it is to enforce the law such as the State Police, the New Orleans Police Department, the Criminal Bureau of Investigation, the Bureau of Narcotics and Dangerous Drugs. I take it by your silence that you do not. . . ."
"BY DEFENSE COUNSEL:
. . . Do any of you have occasion to talk with police officers?
BY THE PROSECUTOR:
Your Honor, I'm going to object to that
BY THE COURT:
Sustained.
BY THE PROSECUTOR:
as being overly broad.
BY THE COURT:
Sustained.
BY DEFENSE COUNSEL:
Your Honor, I would note an objection.
Do any of you have any friends that are police officers?
BY THE COURT:
With whom you discuss their business.
BY DEFENSE COUNSEL:
I just wanted to
BY THE PROSECUTOR:
Objection.
BY THE COURT:
Sustained.
BY DEFENSE COUNSEL:
Note an objection."
. . . . .
*521 (One prospective juror called)
"BY THE COURT:
Have you ever been employed by any agency such as the New Orleans Police Department, the State Police or any like or similar agency?"
(One prospective juror called)
"BY THE COURT:
Have you ever been employed by any agencies whose primary purpose it is to enforce the law?"
The defendant argues that because much of the State's evidence was based on the testimony of police officers, the trial court erred in not permitting inquiry into the relation between prospective jurors and other police officers.
The scope of the voir dire examination is a matter which falls within the sound discretion of the trial court. C.Cr.P. 786; State v. Dominick, 354 So.2d 1316 (La. 1978); State v. Crochet, 354 So.2d 1288 (La. 1977); State v. Vinet, 352 So.2d 684 (La. 1977). The trial court, however, must temper the exercise of its discretion by affording the defendant wide latitude in his examination of prospective jurors so that he may intelligently exercise both challenges for cause and peremptory challenges. In State v. Hills, 241 La. 345, 129 So.2d 12 (1961), this court explained the principle in the following manner:
"It is a general view as to voir dire examination that the defendant in a criminal prosecution is entitled to make reasonable and pertinent inquiries of the prospective juror so that he may exercise intelligently and wisely his right of preemptory challengesince each party has the right to put questions to a juror not only to show that there exists proper grounds for a challenge for cause, but to elicit facts to enable him to decide whether or not he will make a peremptory challenge. For this reason, a wide latitude is allowed counsel in examining jurors on their voir dire, and the scope of inquiry is best governed by a liberal discretion on the part of the Court so that if there is any likelihood that some prejudice is in the juror's mind which will even subconsciously affect his decision, this may be uncovered. It is by examination into the attitudes and inclinations of jurors before they are sworn to try a case that litigants are enabled to reject those persons, by use of peremptory challenges where necessary, who are deemed to be unlikely to approach a decision in a detached and objective manner. The Constitution itself (La.Const. of 1921, Art. 1, Sec. 10) guarantees to the accused the right to peremptorily challenge jurors, `the number of challenges to be fixed by law;' that number, in the trial of any crime for which the penalty is death or necessarily imprisonment at hard labor, is twelve (R.S. 15:354). The intelligent exercise of the right of rejection, by use of those twelve peremptory challenges, is the meat of the privilege, and can be substantially weakened by a restriction of questionsthe answers to which might be regarded as informative of a juror's attitude and therefore of vital importance to his defense. In State v. Henry, 196 La. 217, 198 So. 910, this Court quoted with approval from 35 C.J. at pages 387, 405 and 406; ` * * * parties have a right to question jurors on their examination not only for the purpose of showing grounds for a challenge for cause, but also, within reasonable limits, to elicit such facts as will enable them intelligently to exercise their right of peremptory challenge, and * * * it is error for the court to exclude questions which are pertinent for either purpose. * * * The right of peremptory challenge is a substantial right, and its freest exercise should be permitted. * * *' (Emphasis supplied)." 241 La. at 395-397, 129 So.2d at 31.
See also State v. Holmes, 347 So.2d 221 (La.1977); State v. Jones, 282 So.2d 422 (La.1973). The rule of State v. Hills, supra, and State v. Jones, supra, is part of the basic law of the State, now included in Art. 1, § 17 of the La.Const. of 1974: ". . . The accused shall have a right to a full voir dire examination of prospective jurors and to challenge jurors peremptorily . . ."
*522 The conviction and sentence are reversed, and the case is remanded to the district court for further proceedings.
SANDERS, C. J., and SUMMERS, J., dissent.
MARCUS, J., dissents and assigns reasons.
MARCUS, Justice (dissenting).
The majority reverses defendant's conviction and sentence based on a finding that the trial judge abused his discretion in limiting the scope of defendant's voir dire examination by not allowing him to ask prospective jurors if they had talked with police officers or had friends who were police officers. After a review of the record of the voir dire examination as a whole, I disagree.
The record does not clearly reflect that the state's objections to the questions were improperly sustained by the trial judge. The trial judge did not preclude defendant from pursuing a concededly relevant line of inquiry pertaining to potential bias of jurors in favor of police witnesses; instead, he merely sustained the state's objections to overbroad questions. Defendant made no attempt to narrow and rephrase the questions. He simply noted his objections for the record.
Moreover, defendant did not properly preserve for our review his objections to the rulings of the trial judge. Article 841 of the Louisiana Code of Criminal Procedure provides that an irregularity or error cannot be availed of after verdict unless defendant had made known to the trial judge his objection and the grounds therefor. It is well settled that defendant must state the basis for his objection when he makes it so that the trial judge has an opportunity to rule on it and prevent or cure his error. An objection stating no basis presents nothing for this court to review. State v. Dupar, 353 So.2d 272 (La.1977), and cases cited therein. In the instant case, the record reveals that defendant merely objected generally to the rulings of the trial judge without stating the grounds for his objections.
In any event, I do not consider that the rulings of the trial judge constitute such a serious curtailment of voir dire examination as to warrant a finding of clear abuse of the trial judge's discretion by this court.
Accordingly, I respectfully dissent.