365 So.2d 1310 (1978)
STATE of Louisiana
v.
Charles M. DIXON.
No. 62061.
Supreme Court of Louisiana.
December 15, 1978.
Rehearing Denied January 26, 1979.
*1311 James E. Shields, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara B. Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
DENNIS, Justice.
Defendant, Charles M. Dixon, was convicted of possession of methqualone, La.R.S. 40:967, by a six person jury, adjudged a multiple offender, and sentenced to nine years and eleven months at hard labor. Because the trial judge denied the defendant his right under the state constitution to "full voir dire examination of prospective jurors," La.Const.1974, Art. 1, § 17, the defendant's conviction and sentence must be set aside and a new trial ordered.
During voir dire, after two of the six jurors had been selected, the following occurred:
"BY THE COURT:
Now, before you call jurors again, let me explain to both sides what my policy is on voir diring jury. These jurors have heard those questions again, again and again. You can now ask them if they've heard the questions and if their answers would be the same or substantially the same as the other jurors. We're going to eliminate repetition of all these questions. There's no excuse for taking this long to pick a jury. Proceed. Call four jurors. That goes for both sides.
"* * *
"BY [Defense Counsel]:
Each of youeach of you have heard, I'm sure on a repetitious basis, basically, everything I've said? Is there anybody who couldn't hear my voice? Did all of you understand presumption of innocence?
"BY THE COURT:
Ask them what theyif their answers would be substantially the same.
"BY [Defense Counsel]:
Your Honor, are you limiting me to that one question?
"BY THE COURT:
I am, yes, sir. We're going to get this jury picked properly.

*1312 "BY [Defense Counsel]:
Your Honor, I respectfully object.
"BY THE COURT:
Alright. Let the record reflect the objection. Go ahead and ask the question.
"BY [Defense Counsel]:
But, the Court's telling me I can't ask any more questions?
"BY THE COURT:
Can you think of any non-repetitious questions you would like to ask the jury?
"BY [Defense Counsel]:
Just one, Your Honor. Would any of you hold anything against the defendant because of any hostilities between the Judge and I this morning? We don't have any hostility. I've tried cases here before. But, some things did happen in the beginning that may have looked like there were hostilities. Would ya'll hold that against the defendant? Because he wasn't fifteen minutes late. I was.
"* * *
"BY THE COURT:
Ask that question next.
"BY [Defense Counsel]:
Yes, sir.
"* * *
"BY [Defense Counsel]:
Would your answers be basically the same asto the same questions that I've been asking before? Sir, would yours? Okay.
"* * *."
During the balance of the voir dire the defense counsel was not allowed to ask the prospective jurors any questions previously addressed to other veniremen. With regard to subjects covered in previous questioning defense counsel was allowed merely to ask if the newly called veniremen had heard the questions and if their answers would be the same or substantially the same as the other jurors. Consequently, in selecting twothirds of the jury, defense counsel was not permitted to question prospective jurors directly on such matters as (1) their possible prejudice against defendant because of his attorney's tardiness; (2) the presumption of innocence; (3) the requirement of proof beyond a reasonable doubt; (4) their duty to accept evidence only from sworn witnesses; (5) the effect of a witness' lie upon his entire testimony; (6) the relative weight to be given a policeman's testimony; (7) knowledge and intent as essential elements of the crime charged.
The defendant is guaranteed the right to an impartial jury, La.Const.1974, Art. 1, § 16, the right to a full voir dire examination of prospective jurors, La. Const.1974, Art. 1, § 17, and the right to challenge jurors peremptorily, La.Const. Art. 1, § 17. Therefore, the defendant is entitled to make such inquiries of prospective jurors as will enable him to secure these constitutional rights, not only by showing grounds for challenges for cause, but also by eliciting facts which will empower him intelligently to exercise his right of peremptory challenge. State v. Boen, 362 So.2d 519 (La.1978); State v. Jackson, 358 So.2d 1263 (La.1978); State v. Hills, 241 La. 345, 129 So.2d 12 (1961). While a venireman may not be incompetent as a juror, he may hold views which, if known to the accused, would be deemed good reason for use of a peremptory challenge. If defendant is blindly to make his peremptory challenges, he may strike from the panel the very persons he would have wished to retain, and retain those he would have refused. State v. Hills, supra, 241 La. at 399, 129 So.2d at 32.
A complete exegesis of the right to full voir dire examination of prospective jurors is not necessary to a decision in the instant case. Whatever else the right entails, it certainly includes addressing, hearing and observing the veniremen directly and as individuals. Otherwise, it would be difficult for counsel to judge whether a particular venireman in a group had given his own answer truthfully and candidly or if, in fact, he had answered at all. Because *1313 of the difficulty of the concepts and values which must be understood and applied by each juror in his deliberations, counsel for each side is entitled to an opportunity to assess the personality and comprehension of each prospect as a unique human being before accepting him as a juror or challenging him for cause or peremptorily. To relegate the defendant's attorney to the role of asking the veniremen en masse for an evaluation of whether they would answer "substantially" as other jurors clearly deprives him of essential insights into the understanding and attitudes of each prospective juror and denies his client the right to full voir dire. State v. Jackson, supra. See, State v. Boen, supra; State v. Hills, supra.
For the reasons assigned, defendant's conviction and sentence are reversed, and the case is remanded for a new trial consistent with this opinion.
REVERSED AND REMANDED.
SANDERS, C. J., and SUMMERS, J., dissent.
MARCUS, J., dissents and assigns reasons.
MARCUS, Justice (dissenting).
I do not find that the trial judge abused his discretion to limit the voir dire examination in this particular case. I consider that the facts in the instant case are distinguishable from the recent case of State v. Jackson, 358 So.2d 1263 (La.1978), in which we held that the trial judge committed reversible error in curtailing defendants' voir dire examination. While I by no means approve of the method employed by the trial judge in conducting voir dire examination of prospective jurors in this case, I am unable to say, under the circumstances here presented, that he committed reversible error. Accordingly, I respectfully dissent.