397 So.2d 486 (1981)
STATE of Louisiana
v.
George CLAIBORNE.
No. 80-KA-2084.
Supreme Court of Louisiana.
April 6, 1981.
*487 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, J. Kevin McNary, Asst. Dist. Attys., for plaintiff-appellee.
Dwight Doskey of Orleans Indigent Defender Program, William A. Roe, Student Practitioner and William J. O'Hara, III, Supervising Atty., Loyola Law Clinic, New Orleans, for defendant-appellant.
DENNIS, Justice.[*]
The issue in this case is whether a defendant is denied his constitutional right to a full voir dire examination of a prospective juror when the trial court sustains a prosecution challenge for cause without affording defense counsel an opportunity to examine the venireman. We hold that, when a defense attorney is precluded from voir dire examination of a prospective juror which may have demonstrated the juror's ability to render an impartial verdict, the granting of a prosecution challenge for cause by the trial court deprives an accused of his right to full voir dire examination.
Defendant, George Claiborne, was convicted by jury of possession of a firearm by a convicted felon, La.R.S. 14:95.1, and sentenced to three years' imprisonment at hard labor. On appeal he urges three assignments of error. His complaint that he was deprived of his constitutional right to a full voir dire examination of prospective jurors has merit and requires reversal of his conviction and sentence.
During the voir dire examination the trial court granted the prosecution's motion to excuse a prospective juror for cause and refused to allow the defense attorney to examine him. We excerpt that portion of the voir dire:
[PROSECUTING ATTORNEY]: Will anyone here hold the State to a greater burden of proof than that? You, sir, can you do that?
BY JUROR # 160: I don't know if I'm saying this at the right time, but as far as this [inaudible] I don't think I could be a good witness because ...
BY THE COURT: A little louder, sir.
BY JUROR # 160: There's been instances, you know, [inaudible] ...
BY THE COURT: You don't think you could give a fair verdict because what? I didn't hear you. I've got to hear you.
BY JUROR # 160: There could be some doubt in my mind. The fact that I've known situations where police planted a gun on somebody ...
BY THE COURT: Planted a gun on somebody?
BY JUROR # 160: Right. She mentioned a situation that the guy ... I heard her say this two times that he want to prove that the gun is not his. He was only in possession of the gun. So I get the impression that the gun didn't belong to him or it was not registered to him.
BY THE COURT: Well, you can't get the impression until you hear the evidence.
[PROSECUTING ATTORNEY]: What I said, Your Honor, was that it's not necessary to prove ownership.
BY THE COURT: That's right.
[PROSECUTING ATTORNEY]: Only that he was in possession.
BY THE COURT: Right.
[PROSECUTING ATTORNEY]: Are you saying that you want possession to be equal to ownership, that it would take ownership before you would ...
BY JUROR # 160: It could be possible...
BY THE COURT: Well, if they prove to you that the police framed this guy and *488 put their gun in his pocket, well, you cut him loose. But if they don't prove that the police slipped the gun wherever it was, then that's a horse of a different matter. Then you've also got to find out if he's guilty of this other offense, aggravated burglary.
[PROSECUTING ATTORNEY]: Battery.
BY THE COURT: If it was proved, you know.
[PROSECUTING ATTORNEY]: Sir, would you be less than fair to the State based on the police testifying?
BY JUROR # 160: I wouldn't be unfair to anyone, but I mention the fact that it might be on my mind.
[PROSECUTING ATTORNEY]: Yes, sir, I appreciate that. Thank you very much. Well, you understand the definition of possession of arms, and you understand the things that are necessary to prove that?
BY JUROR # 160: Yes.
After a short period during which other prospective jurors were being polled on their beliefs, the state returned to questioning the juror:
[PROSECUTING ATTORNEY]: Sir, let me ask you one question. But as far as police officers testifying would you look at at [sic] like you would anybody else?
BY A JUROR: Yes, I mentioned about this particular case here. I didn't say anything about police officers. I said there could be some doubt in my mind.
[PROSECUTING ATTORNEY]: What I'm trying to get down to is that if I put on a police officer and he's going to be the one testifying about the crime would you disbelieve what he says, automatically?
BY THE JUROR: No.
[PROSECUTING ATTORNEY]: So you can look at him and not let your other experiences ...
[DEFENSE ATTORNEY]: Your Honor, this has been asked and answered about four times now.
[PROSECUTING ATTORNEY]: No, sir, I'm asking it a little differently. I am trying to ask him if it's going to interfere with him judging the police officer.
BY THE JUROR: Now, you asked me about this at first. I think I told you that it's possible that there would be some doubt in my mind. Now, that's about ... I can't.
[PROSECUTING ATTORNEY]: But now I'm asking you would you let it interfere.
BY THE JUROR: Anytime you have doubt I guess that's an interference. Wouldn't it be a interference if you there's a possibility that you could have a doubt? Would that be a interference?
BY THE COURT: Well, would that doubt would be predicated on what you hear and see here, or is that doubt going to be predicated on what you believe universally? We're talking about what you're going to see and hear here, whatever it is. I don't know what it is. Just what you see and hear here.
BY THE JUROR: Okay, yes, all right.
BY THE COURT: Whatever doubt or whatever you have in your mind would that be based on what you see and hear here? That would satisfy it.
[PROSECUTING ATTORNEY]: Or, would that doubt interfere with what he sees and hears here today, would be the question.
BY THE JUROR: Well, I've already said that. I don't know.
[PROSECUTING ATTORNEY]: I just thought you might be able to put it aside.
BY THE JUROR: Well, I don't know if I can or not. I merely stated the fact when you asked me if it would interfere. Well, I don't know.
[PROSECUTING ATTORNEY]: Your Honor, I would ask for a challenge for cause.
BY THE COURT: I'll excuse him.
[DEFENSE ATTORNEY]: I'd like to traverse.
*489 BY THE COURT: Oh, I don't think we need to hear any more. I've had enough.
[DEFENSE ATTORNEY]: Note an objection.
The state used all of its peremptory challenges. Defendant contends that the erroneous refusal to allow examination of the juror by defense attorney to demonstrate the juror's impartiality resulted in the state being allowed more peremptory challenges than permitted by law.
Article 1, § 17 of the 1974 Louisiana Constitution provides that the accused shall have a right to "full voir dire examination" of prospective jurors. Even before the effective date of this innovative constitutional language see Hargrave, The Declaration of Rights of the Louisiana Constitution of 1974, 35 La.L.Rev. 55 (1974), this court stated that the trial judge's exercise of sound discretion in ruling on a juror's qualifications will be sustained unless unwisely exercised, providing that he allows considerable latitude in the examination of jurors. See, e. g., State v. Rogers, 241 La. 841, 132 So.2d 819 (1961); State v. Brazile, 229 La. 600, 86 So.2d 208 (1956). After adoption of the 1974 Louisiana Constitution, this court has held that the accused's right to "full voir dire examination" includes the right to make such inquiries of prospective jurors as will enable him to secure his constitutional rights, not only by showing grounds for challenges for cause, but also by eliciting facts which will empower him intelligently to exercise his right of peremptory challenge, State v. Boen, 362 So.2d 519 (La. 1978); State v. Jackson, 358 So.2d 1263 (La.1978); State v. Hills, 241 La. 345, 129 So.2d 12 (1961), the right to address, hear and observe the veniremen directly and as individuals, State v. Dixon, 365 So.2d 1310 (La.1979), and the right to examine a prospective juror challenged for cause by the prosecution in order to demonstrate his impartiality. State v. Shelton, 377 So.2d 96 (La.1979).
In the present case the accused's right to "full voir dire examination" included the right to examine juror number 160. It is clear from his answers in response to questions by the trial court and prosecuting attorney that the juror may have been able, after examination by defense counsel, to declare to the court's reasonable satisfaction that he could render an impartial verdict according to the law and evidence. If he had been able to so declare, it would have been the trial court's duty to deny the challenge for cause. Cf. La.C.Cr.P. art. 797(2). Accordingly, the deprivation of defendant's right to fully examine the prospective juror under these circumstances was prejudicial error. State v. Shelton, supra, 377 So.2d at 102.
Our conclusion that full voir dire examination includes the right to examine a prospective juror for purposes of demonstrating his impartiality is buttressed by the numerous cases in which this court has condoned a trial court practice of permitting prosecuting attorneys to employ voir dire examination to rehabilitate and establish the impartiality of prospective jurors who initially expressed an opinion or impression of the defendant's guilt or innocence. This court has repeatedly dismissed a defense argument that its challenge for cause was improperly denied by observing that the juror, when questioned further by the prosecutor and the court, demonstrated a willingness and ability to decide the case impartially, according to the law and the evidence. See, e. g., State v. McIntyre, 381 So.2d 408 (La.1980); State v. Allen, 380 So.2d 28 (La.1980); State v. Sonnier, 379 So.2d 1336 (La.1980); State v. Shelton, 377 So.2d 96 (La.1979); State v. Webb, 364 So.2d 984 (La.1978); State v. Nolan, 341 So.2d 885 (La.1977); State v. Governor, 331 So.2d 443 (La.1976); State v. Johnson, 324 So.2d 349 (La.1975); State v. Monk, 315 So.2d 727 (La.1975); State v. Blanton, 312 So.2d 329 (La.1975); State v. Hillman, 298 So.2d 746 (La.1974); State v. Frazier, 283 So.2d 261 (La.1973); State v. Shaffer, 260 La. 605, 257 So.2d 121 (1971). The United States Supreme Court has observed that while the trial court is vested with broad discretion as to questions to be asked during voir dire, that discretion is "subject to the *490 essential demands of fairness." Aldridge v. United States, 283 U.S. 308, 310, 51 S.Ct. 470, 471, 75 L.Ed. 1054, 1056 (1931). We think these essential demands of fairness require that the defense counsel be given the same chance at rebuttal and rehabilitation of prospective jurors that we have consistently afforded the prosecution.
For the reasons assigned, the defendant's conviction and sentence are reversed, and the case is remanded for further proceedings consistent herewith.
REVERSED AND REMANDED.
BLANCHE, J., concurs and assigns reasons.
MARCUS, J., dissents and assigns reasons.
CHAISSON, J., ad hoc, dissents with reasons.
COVINGTON, J., ad hoc, dissents for reasons assigned by CHAISSON, J., ad hoc.
BLANCHE, Justice (concurring).
I agree that the defendant should not have been denied the right to examine the prospective juror, but this writer doubts if it prejudiced the defendant in any way. After reading the colloquy between the trial judge, prosecuting attorney and prospective juror, this writer is convinced that the trial judge did both sides a favor by excusing the juror. Technically, however, the trial judge should have indulged the defense counsel, despite his apparent lack of enthusiasm in insisting on the examination.
MARCUS, Justice (dissenting).
I do not consider that the trial judge abused his much discretion in excusing the prospective juror (No. 160) for cause. Accordingly, I respectfully dissent.
CHIASSON, Justice Ad Hoc (dissenting):
I respectfully dissent being of the opinion that the trial judge did not abuse his much discretion in sustaining the state's challenge for cause against juror No. 160. It appeared to be well settled that a trial judge is vested with wide discretion in determining the qualifications of jurors to serve at trial and that this Court will not upset a conviction on grounds of an erroneously allowed challenge for cause, unless upon review of the voir dire examination as a whole, the judge's discretion was arbitrary or unreasonable, resulting in prejudice to the accused. La.C.Cr.P. art. 786; State v. Shelton, supra. (Marcus, J. dissenting opinion); State v. Passman, 345 So.2d 874 (La. 1977); and State v. Johnson, 324 So.2d 349 (La.1975).
During the voir dire examination, a prospective juror indicated that there might be some doubt in his mind concerning the credibility of a police officer's testimony. The trial court must have been convinced that the juror would have entertained that doubt regardless of any questions asked by the defense counsel. This is the type of discretion that is and must be afforded to trial judges.
Even assuming an abuse of discretion, no prejudice to the accused has been shown. State v. Drew, 360 So.2d 500 (La.1978). The technical error, if any, did not relate to the defendant's guilt or innocence and therefore could only be classified as a harmless error.
NOTES
[*] Judges Grover L. Covington, Remy Chiasson and Elmo E. Lear of the Court of Appeal, First Circuit, participated in this decision as Associate Justices pro tempore, joined by Associate Justices Pascal F. Calogero, Jr., Walter F. Marcus, Jr., James L. Dennis and Fred A. Blanche, Jr.