682 So.2d 278 (1996)
STATE of Louisiana
v.
Ivory J. DYER.
No. 95 KA 2368.
Court of Appeal of Louisiana, First Circuit.
October 2, 1996.
*279 Doug Moreau, District Attorney, Beau Brock, Assistant District Attorney, Baton Rouge, for Appellee, State of Louisiana.
Edward Greenlee, Baton Rouge, for Defendant/Appellant, Ivory J. Dyer.
Before SHORTESS and LeBLANC, JJ., and TANNER[1] J., Pro Tem.
LeBLANC, Judge.
Ivory J. Dyer, defendant, was charged by bill of information with simple burglary, in violation of La.R.S. 14:62. He pled not guilty, and after a jury trial, was found guilty as charged. Defendant was sentenced to ten years at hard labor, with credit for time served. He appealed, assigning eight assignments of error. In his brief to this court, defendant expressly abandons assignment of error numbers four, six and seven.

FACTS
On December 17, 1994, the burglar alarm from Northside Motor Exchange, located at 655 Scenic Highway in Baton Rouge, was activated. Corporal Carl Dunn was dispatched and arrived within minutes. He observed a black male inside the garage area of the building where the business is located. A backup police officer arrived and the police officers informed the suspect he was surrounded. As he slowly exited the building through a window, the suspect was observed holding several items. He placed the items on the ground and then ran out of sight of the police officers.
The police officers secured the area, and when several canine units arrived, began an area search. The defendant was located within an adjacent fenced area and identified by Corporal Dunn as the individual he had observed exiting through the window. The items which were found on the ground were identified as belonging to Northside Motor Exchange. No one else was found in the area.
Defendant was charged with simple burglary, and after a jury trial, was found guilty as charged. He was sentenced to ten years at hard labor, with credit for time served. Defendant appeals.

ASSIGNMENT OF ERROR NUMBERS THREE AND FIVE
In his third assignment of error, defendant asserts the trial court improperly sustained the State's objection to defendant's voir dire questions. In assignment of error number five, defendant asserts the trial court improperly restricted defendant's questioning of potential jurors. Specifically, defendant avers his inquiry regarding potential juror's weighing of testimony by police officers is a proper subject for voir dire.
During voir dire the following exchange occurred:
Q. [by defendant counsel] Do you think that police officers usually arrest the right person?
A. [by potential juror Ms. Arceneaux] I think they usually do.
Q. Ms. Mosby [a potential juror]?
A. Yes, I think they usually do.
Q. Ms. Lejeune [a potential juror]?
A. Well, this is a very broad question.
Mr. Daniel [counsel for the State]: Judge, it is a broad question and I'm going to object to it, your honor. It's way too broad.

* * * * * *
The Court: I think a better question would be how much weight would behow much weight would they give to a police officer's *280 testimony, and would they a [sic] police officer's testimony any greater weight than any other witness's testimony. I think that is the proper question.
Defense counsel did not rephrase his question, but rather went on to another question. After the State objected to other similar questions, defense counsel proffered the following questions:
1. Suppose you did hear the defendant's side of the story, would you assume he's lying to save his skin?
2. Would you think he's lying because he's the accused person?
3. Do you think eyewitnesses are always right?
4. Do you think eyewitnesses are usually right?
5. Suppose the witnesses believes he or she is right, does that mean they are right?
6. Do you think the police usually arrest the right person?
7. Do you think the police sometimes make mistakes?
8. Do you think the police are likely to admit to making mistakes?
9. Do you think the police always tell the truth?
10. Do you think the state always prosecutes the right person?
11. Suppose it's getting late and you are getting hungry, and you are not sure how to vote, would you go ahead and vote with the majority just to move things along?
12. What if you weren't sure about how you wanted to vote as to the defendant's guilt or innocence, but the majority was pressuring you about your vote, would you stick to your position?
The transcript reflects after the proffer, the court stated these questions would not be allowed.
The accused in a criminal case is constitutionally entitled to a full and complete voir dire examination and to the exercise of peremptory challenges. La. Const. Art. I, § 17. La.C.Cr.P. art. 786 provides, in pertinent part:
The court, the state, and the defendant shall have the right to examine prospective jurors. The scope of the examination shall be within the discretion of the court.
Voir dire questioning is designed to discover grounds for challenges for cause and to secure information for an intelligent exercise of peremptory challenges. State v. Allen, 633 So.2d 325, 327 (La.App. 1st Cir. 1993). A defendant's right to intelligently exercise cause and peremptory challenges may not be curtailed by the exclusion of non-repetitious voir dire questions which reasonably explore the juror's potential prejudices, predispositions, or misunderstandings relevant to the central issues of the particular case. Allen, 633 So.2d at 327. The scope of voir dire examination is within the sound discretion of the trial court; its rulings will not be disturbed on appeal in the absences of a clear abuse of discretion. State v. Williams, 560 So.2d 519, 523 (La.App. 1st Cir.1990). The disallowance of a proper question does not automatically result in reversible error. The entire voir dire examination must be considered in evaluating the fairness of the trial court's ruling. Allen, 633 So.2d at 327. The trial court must afford defendant a wide latitude in the exercise of this constitutionally guaranteed right. State v. Burton, 464 So.2d 421, 425 (La.App. 1st Cir.), writ denied, 468 So.2d 570 (1985).
Questions regarding the weighing of testimony by police officers are a proper subject for voir dire examination. Allen, 633 So.2d at 327. However, repetitive questions concerning topics which have been previously covered may be refused. Allen, 633 So.2d at 327. Moreover, voir dire examination may not encompass unlimited inquiry into all possible prejudices of prospective jurors, nor their opinions on the evidence (or its weight), nor hypothetical questions and questions of law which call for any prejudgment of supposed facts. State v. Lockhart, 629 So.2d 1195, 1202 (La.App. 1st Cir.1993), writ denied, 94-0050 (La. 4/7/94), 635 So.2d 1132. A defendant's right to full voir dire may not be curtailed by the exclusion of non-repetitious questions which reasonably explore the prospective jurors' potential prejudices, predispositions, or misunderstandings, which are *281 relevant to the central issues of the particular case. State v. Mickey, 626 So.2d 24, 26 (La.App. 1st Cir.1993).
In State v. Boen, 362 So.2d 519 (La.1978), the Supreme Court held the trial court committed reversible error in not permitting inquiry during voir dire examination into relations between prospective jurors and police officers. The defendant in Boen had been charged with distribution of a controlled dangerous substance, and much of the state's evidence was based on the testimony of police officers.
After considering the exchange between counsel and the court, and reviewing the entire voir dire examination, we find the limitation of voir dire by the trial court constitutes error. In the instant matter, as in Boen, a substantial portion of the state's case relies on eyewitness police officer testimony. The trial court unduly restricted inquiry into jurors' attitudes concerning police officers or eyewitnesses. The proffered questions would have elicited responses regarding a potential juror's weighing of testimony by the eyewitness police officers and would have allowed defendant to explore any prejudices, predispositions, or misunderstandings relevant to central issues in this matter.
We find that the trial court's limitation of defendant's right to obtain information from prospective jurors concerning their attitudes toward eyewitnesses and police officers was prejudicial. Accordingly, we find the trial court committed reversible error in restricting the voir dire. Having found reversible error in the trial court's restriction of voir dire, it is not necessary to review defendant's remaining assignments of error.

CONCLUSION
For the above reasons, the defendant's conviction and sentence are reversed. This case is remanded to the trial court for a new trial.
REVERSED AND REMANDED.
NOTES
[1] Honorable Thomas W. Tanner serving pro tempore under appointment of the Louisiana Supreme Court.