734 So.2d 813 (1999)
STATE of Louisiana
v.
Clarence Edward SIMS, Jr.
No. 98 KA 1304.
Court of Appeal of Louisiana, First Circuit.
April 1, 1999.
*815 Samuel C. D'Aquilla, Jackson, Attorney for Defendant/Appellant, Clarence Edward Sims, Jr.
Richard Clay Howell, St. Francisville, Attorney for Appellee, State of Louisiana.
Before: CARTER, C.J., SHORTESS and WHIPPLE, JJ.
WHIPPLE, J.
Defendant, Clarence Edward Sims, Jr., was charged by bill of information with possession of a firearm by a convicted felon, a violation of LSA-R.S. 14:95.1. Following trial by jury, defendant was found guilty as charged. The trial court sentenced defendant to imprisonment at hard labor for the minimum term of ten years without benefit of parole.[1] Defendant has appealed, urging four assignments of error.
On December 12, 1997, West Feliciana Deputy Sheriff Travis Depew made a traffic stop of a car in West Feliciana Parish, after observing that the vehicle was being operated with an expired temporary license tag. He asked Darren Sullivan, the driver, and defendant, the passenger, if there were any weapons in the vehicle or on their persons. They replied in the negative. Due to the traffic violation, Depew proceeded to have the vehicle towed from the scene. Depew knew Sullivan by sight and defendant by name and knew where they lived. When Depew offered them a ride home, they accepted. However, prior to letting them get inside his police unit, Depew patted down Sullivan and defendant for weapons for his and their safety. The search of Sullivan did not produce any weapon, but during the pat down of defendant, Depew discovered and seized a .380 silver Larcin handgun which was inside a pocket of defendant's windbreaker.
At trial, the state introduced into evidence a certified copy of a bill of information bearing docket number W-94-11-817 filed in the Twentieth Judicial District Court for the Parish of West Feliciana on November 4, 1994, charging Clarence Sims, Jr. with aggravated battery. Other certified court documents corresponding to bill number W-94-11-817 were: (1) the transcript and court minutes of the November 10, 1994 arraignment at which Clarence Sims, Jr. entered a plea of nolo contendere to the aggravated battery; (2) the December 8, 1994, sentencing hearing transcript and corresponding court minutes showing Clarence Sims, Jr. received a suspended sentence and was placed on probation for the offense on that date; and (3) a document specifying the terms of Clarence Sims, Jr's probated sentence.
Don Phares, a probation and parole officer, identified defendant in court and state's exhibit 6(S-6) as the document setting out the conditions of defendant's probation for the aggravated battery. Phares testified that he was in court on December 8, 1994, when defendant was sentenced, and that he signed S-6, as did defendant, who signed the document using the name "Clarence E. Sims, Jr."
*816 W.M. Daniel, the Sheriff of West Feliciana Parish, testified that defendant is the same Clarence Sims who was placed on probation for aggravated battery, that he was present in court for the sentencing for the offense, and that he personally finger-printed defendant.
Darren Sullivan testified that the seized handgun belonged to a third person who had been in the car earlier that day. Sullivan stated that he did not know the gun was in the car until after he exited the car and reentered the car, following the traffic stop. At that point, he found the gun beneath a newspaper on the front seat. Sullivan threw the gun toward defendant, who panicked, picked up the gun, and tried to hide it by putting it in his coat.
Defendant took the witness stand in his own defense at trial. He admitted that S-1, the gun seized by Depew, was found on his person. Defendant stated that he was only a passenger in the car, that Sullivan threw the gun in his lap, that he knew it was a violation for him to possess a gun, and that he panicked and tried to hide the weapon so the officer would not see it.

ASSIGNMENTS OF ERROR NOS. 1 & 4
In assignment number one, defendant contends that the state failed to prove all of the elements of the instant crime by constitutionally sufficient evidence, and the trial court consequently erred by denying defendant's motion for post verdict judgment of acquittal. Specifically, he argues that the state did not prove that the statutory period of ten years from the date of completion of the sentence for the predicate offense had not elapsed. In assignment number four, defendant contends that the trial court erred by not giving the jury a limiting instruction after the state was permitted to introduce other crimes evidence, i.e., proof of defendant's conviction of the predicate offense of aggravated battery.
In reviewing claims challenging the sufficiency of the evidence, this court must consider "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979) (emphasis in original). See also LSA-C.Cr.P. art. 821(B); State v. Mussall, 523 So.2d 1305, 1308-1309 (La.1988).
The elements of possession of a firearm by a convicted felon are: (1) possession of a firearm, (2) conviction of an enumerated felony,[2] (3) absence of the ten-year statutory period of limitation, and (4) general intent to commit the offense. LSA-R.S. 14:95.1; State v. Husband, 437 So.2d 269, 271 (La.1983).
Regarding the ten-year prescriptive period, LSA-R.S. 14:95.1(C)(1) provides as follows:
C. Except as otherwise specifically provided, this Section shall not apply to the following cases:
(1) The provisions of this Section ... shall not apply to any person who has not been convicted of any felony for a period of ten years from the date of completion of sentence, probation, parole, or suspension of sentence.
Defendant's assertion that the state failed to establish the absence of the ten-year prescriptive period is obviously a misstatement, since the state's evidence proved defendant was sentenced for the predicate conviction on December 8, 1994, slightly more than three years before defendant was found in possession of the .380 handgun. Clearly, no further proof was *817 required for this element of the crime. See, e.g., State v. President, 97-1593, p. 10 (La.App. 3rd Cir.7/15/98); 715 So.2d 745, 751, writ denied, 98-2115 (La.12/11/98); 729 So.2d 590.
Additionally, notwithstanding defendant's assertions to the contrary, we find that there was no error as a result of the failure of the trial court to give a limiting instruction to the jury concerning the introduction of evidence of the predicate conviction of aggravated battery. As already noted, previous conviction of the defendant for a predicate offense is a requisite element of the crime of possession of a firearm by a convicted felon. Consequently, the requirements, including limiting instructions to the jury, set out in State v. Prieur, 277 So.2d 126 (La.1973), do not apply in the instant situation wherein proof of a prior conviction is a requisite element of the charged crime. See State v. Sanders, 357 So.2d 492, 494 (La.1978); and State v. Batiste, 96-2203, pp. 5-6 (La.App. 4th Cir.10/22/97); 701 So.2d 729, 731-732.
Viewing all of the evidence in the light most favorable to the state, any rational trier of fact could have concluded beyond a reasonable doubt that the state proved all of the elements of the charged offense beyond a reasonable doubt. Consequently, the trial court correctly denied defendant's motion for post verdict judgment of acquittal.
These assignments lack merit.

ASSIGNMENT OF ERROR NO. 2
In this assignment, defendant contends that the trial court erred by failing to order sequestration of the witnesses prior to the beginning of voir dire examination.
At the beginning of jury selection during the court's initial questioning of the first panel of prospective jurors and prior to any voir dire examination by the prosecution or defense counsel, defense counsel moved for sequestration of the trial witnesses. Referring to LSA-C.E. art. 615, the trial court stated that the article did not specify that the court shall immediately sequester witnesses, but only that the court shall sequester witnesses upon such a request. The court concluded it was within its discretion to decide when the sequestration order is to be issued consistent with the purpose of sequestration. The court further noted that the purpose of sequestration is to prevent witnesses from being influenced by the testimony of other witnesses and that the courthouse was not particularly well suited for accommodating sequestered witnesses. Later, immediately before opening statements by the state and the defense, defense counsel again moved for sequestration of the witnesses, and the trial court granted the motion at that time.
In State v. Johnson, 438 So.2d 1091, 1095 (La.1983), the Supreme Court concluded that under the mandatory language of the former version of LSA-C.Cr.P. art. 764[3] governing the sequestration of witnesses, a trial judge had no discretion when an order of sequestration was requested by the state or the defendant and was mandated to grant the order subject only to the court's power to modify it at the time it was granted or thereafter "in the interest of justice."
In holding that the right to obtain a sequestration order was available during voir dire under the former version of article 764, the Johnson court stated the following:
While it is true that no evidence is taken or testimony given during the voir dire examination, it is equally true that certain facts about the crime and about the defendant may be revealed to prospective jurors in order to determine if there is any bias or prejudgment on their part. To the extent that witnesses may be influenced by the revelation of those facts, or that the presence of witnesses *818 may unduly hamper a party's constitutional right to a full voir dire examination, sequestration is appropriate.
State v. Johnson, 438 So.2d at 1096.
Although the Johnson court found that the trial court erred in refusing to grant the defendant's motion for sequestration of witnesses who were present during voir dire, the court found the error to be harmless in the absence of a showing that the defendant had suffered material prejudice as a result of the witnesses' presence during voir dire or that the exposure was sufficient to affect the witnesses' testimony or to undermine the defendant's ability to cross-examine the witnesses. State v. Johnson, 438 So.2d at 1096-1097.
Although the instant case is governed by LSA-C.E. art. 615, we find the holding and rationale of Johnson controlling. Accordingly, it was error for the trial court not to grant defendant's motion to sequester the witnesses, as requested, at the beginning of voir dire. In reaching this conclusion, we find the language of LSA-C.E. art. 615 mandatory, as was the language of the former version of LSA-C.Cr.P. art. 764, which leaves a trial court with no discretion when an order of sequestration is requested by the state or the defendant. We conclude that in either instance, the trial court must grant the order of exclusion, subject to the provisions of LSA-C.E. art. 615(A)(1) through (4) and the court's power under the article to exempt any witnesses from its order of exclusion in the interest of justice.
However, as in Johnson, we find the error herein is not reversible because defendant has shown neither substantial prejudice from the presence of the witnesses during voir dire nor that the exposure of the witnesses was sufficient to affect the witnesses' testimony or to undermine defendant's ability to cross-examine the witnesses.
Therefore, this assignment also lacks merit.

ASSIGNMENT OF ERROR NO. 3
In this assignment, defendant contends that the trial court erred by placing restrictions on defense counsel's voir dire examination of prospective jurors concerning their attitudes, trusts, and distrusts of law enforcement officers, depriving him of full examination of the jurors.
The restrictions at issue were imposed by the court during defense counsel Samuel C. D'Aquilla's voir dire examination of Marla Floyd, a member of the first panel of prospective jurors, as follows:
[BY MR. D'AQUILLA:] Q.... Do you feel the police should have very broad powers uh, when I say broad powers I mean ability to stop individuals on the road for practically no reason at all?
BY MR. HOWELL[the prosecutor]: I'm gonna object to that, Your Honor, I don't know what relevance that has.
BY THE COURT: I will sustain the objection. The jury does not decide whether the stop in this case was improper or proper. That is not a jury question and I'm not going to allow you to go into that, Mr. D'Aquilla.
BY MR. D'AQUILLA: Your Honor, I would just like to find out the jury's opinion regarding the uh credibility of the police officer, that's what the question is?
BY THE COURT: That has nothing to do with credibility, you didn't question them about credibility, you questioned them about the authority of police officers to make a stop.
BY MR. D'AQUILLA: I'd just like to find out the juror's attitude and opinion regarding the uh, their perception of the powers of the police officers, is [sic] they think a police officer should have broad power to
BY THE COURT: Mr. D'Aquilla, I have ruled that that question is improper, please desist from that and go on to something else.

*819 BY MR. D'AQUILLA: Yes, sir, thank you, Your Honor.
An accused in a criminal case is constitutionally entitled to a full and complete voir dire examination and to the exercise of peremptory challenges. La. Const. art. I, § 17. Louisiana law provides that the trial court, the state, and the defendant shall have the right to examine prospective jurors. LSA-C.Cr.P. art. 786; State v. Morris, 96-1008, p. 19 (La.App. 1st Cir.3/27/97); 691 So.2d 792, 803, writ denied, 97-1077 (La.10/13/97); 703 So.2d 609. Voir dire questioning is designed to discover grounds for challenges for cause and to secure information for an intelligent exercise of peremptory challenges. State v. Allen, 633 So.2d 325, 327 (La.App. 1st Cir.1993). A defendant's right to intelligently exercise cause and peremptory challenges may not be curtailed by the exclusion of non-repetitious voir dire questions which reasonably explore the juror's potential prejudices, predispositions, or misunderstandings relevant to the central issues of the particular case. State v. Allen, 633 So.2d at 327. The scope of voir dire examination is within the sound discretion of the trial court; its rulings will not be disturbed on appeal in the absence of a clear abuse of discretion. State v. Lockhart, 629 So.2d 1195, 1201 (La.App. 1st Cir.1993), writ denied, 94-0050 (La.4/7/94); 635 So.2d 1132. The disallowance of a proper question does not automatically result in reversible error. The entire voir dire examination must be considered in evaluating the fairness of the trial court's ruling. State v. Allen, 633 So.2d at 327.
After a careful review of the entire voir dire examination, we find the trial court did not unduly restrict defense counsel's questioning of the prospective jurors. The question at issue, even in its best light, called for the juror's opinion on what was a confusing and misleading statement of the legal authority of law enforcement officers to effect a traffic stop of a citizen and, thus, was properly disallowed. If defense counsel's purpose in propounding the improper question was to explore the credibility of the police as he indicated in the above quoted excerpt, there was no denial of that objective in this case. Instead, the record clearly reveals defense counsel was permitted to and did explore the attitudes of the prospective jurors concerning the credibility of law enforcement officers and the weighing of their testimony. Additionally, in disallowing the question, the trial court correctly noted that the subject of the authority of the police to effect the traffic stop which led to defendant's arrest was decided pretrial by the court at the suppression hearing held prior to the trial and was not a matter for the jury to determine.
The purpose of a voir dire examination is to determine the qualifications of prospective jurors by testing their competency and impartiality. Hypothetical questions aimed at determining in advance a juror's opinion concerning the weight of certain evidence extend beyond the scope of proper voir dire, and the purpose of voir dire examination is not to elicit jurors' opinions concerning particular evidence to be offered at trial. See State v. James, 431 So.2d 399, 403(La.), cert. denied, 464 U.S. 908, 104 S.Ct. 263, 78 L.Ed.2d 247 (1983); State v. Vaughn, 431 So.2d 358, 360 (La.1982). In this case, regardless whether defense counsel's question seeking to elicit the juror's opinion was purely hypothetical or directed at the particular evidence to be presented at defendant's trial, there was no abuse of discretion by the trial court in foreclosing the question.
This assignment also lacks merit.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] Although the trial court erred by not imposing a fine of not less than $1,000.00 nor more than $5,000.00 as mandated by LSA-R.S. 14:95.1(B), we will not correct the sentence as the error is in defendant's favor and the state has not appealed the illegally lenient sentence. See State v. Fraser, 484 So.2d 122, 124 (La.1986).
[2] Predicate convictions for a violation of LSA-R.S. 14:95.1 include those for certain crimes enumerated in the statute. Additional predicate convictions provided in the statute are for any crime of violence as defined in LSA-R.S. 14:2(13) which is a felony. Aggravated battery, defined in LSA-R.S. 14:34, is a crime of violence listed in LSA-R.S. 14:2(13)(e) which is a felony.
[3] The current version of LSA-C.Cr.P. art. 764 is applicable herein and provides that the exclusion of witnesses is governed by LSA-C.E. art. 615.