CARTER, C.J.,
dissenting.
hi respectfully dissent from the majority’s reversal of the defendant’s conviction and sentence and would affirm the defendant’s conviction and sentence.
The defendant argues the evidence presented at the trial of this matter was insufficient because the state failed to prove that she intended to defraud Mr. Poux when she issued the series of checks in connection with the business agreement. The defendant’s failure to comply with the 10-day demand letter created a rebuttable presumption that she issued the checks with the intent to defraud. See La. R.S. 14:71 A(2). A finding of intent to defraud was further bolstered by the defendant’s: (1) failure to voluntarily vacate the premises although she was not paying the rent; (2) failure to return merchandise she had not paid for; and (3) failure to take any action to make good on the checks for a debt she acknowledged she owed. See State v. Washington, 29,784 (La.App. 2 Cir. 9/26/97), 700 So.2d 1068, 1073-1074. In my opinion, the evidence when viewed in the light most favorable to the prosecution was sufficient to prove, beyond a reasonable doubt and to the exclusion of every reasonable hypothesis of innocence, all of the essential elements of the offense of issuing worthless checks. See Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); La.Code Crim. P. art. 821 B; State v. Brown, 2003-0897 (La.4/12/05), 907 So.2d 1, 18, cert. denied, 547 U.S. 1022, 126 S.Ct. 1569, 164 L.Ed.2d 305 (2006).
|2I also find no merit in the defendant’s remaining assignments of error. The defendant argues the trial court erred when it instructed during voir dire that the offense of issuing worthless checks required specific intent to defraud at the time the check was presented and not when it was issued. Improper statements of law during voir dire do not always require reversal. See State v. Kohler, 434 So.2d 1110, 1119 (La.App. 1st Cir.1983). Any prejudicial effect suffered by the defendant was remedied when the trial court, during final instructions, correctly charged the jury that intent to defraud must exist when the check is issued.
Finally, the defendant maintains the trial court erroneously limited her right to full voir dire examination by preventing defense counsel from questioning potential jurors about the requirement that intent to defraud exists at the time the check is issued. The disallowance of a proper question on voir dire examination does not automatically result in reversible error. State v. Morgan, 459 So.2d 6, 9 (La.App. 1st Cir.1984), writ denied, 462 So.2d 1263 (La.1985). The entire voir dire examination must be considered in evaluating the fairness of the trial court’s ruling. State v. Sims, 98-1304 (La.App. 1 Cir. 4/1/99), 734 So.2d 813, 819. In light of the entire voir dire transcript and the trial court’s final instructions to the jury, the trial court’s limitation of questioning on the issue of intent to defraud did not unfairly restrict *1062 the defendant’s opportunity to fully examine the prospective jurors as to their competency and bias.
For the above stated reasons, I respectfully dissent and would affirm the defendant’s conviction and sentence.