356 So.2d 1376 (1978)
STATE of Louisiana
v.
John Glenn TILLMAN.
No. 60580.
Supreme Court of Louisiana.
March 6, 1978.
Rehearing Denied April 6, 1978.
*1377 Douglas P. Wilson, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Patrick J. Fanning, Asst. Dist. Atty., for plaintiff-appellee.
DENNIS, Justice.
Defendant was arrested by two New Orleans police officers on charges unrelated to this prosecution. The officers searched defendant and found a gun concealed in his pants. Defendant was later charged with the crime of carrying a concealed weapon by a person who has been convicted of simple robbery. La.R.S. 14:95.1. The bill of information recited that defendant's previous conviction of simple robbery had occurred on April 17, 1973. Following a trial by judge defendant was found guilty as charged and sentenced to serve four years at hard labor and fined $60 court costs or thirty days in parish prison.
During the trial defendant objected to the admissibility of several items of documentary evidence. Because the trial court erred in overruling defendant's objections, defendant's conviction and sentence must be reversed and the case remanded.
In an effort to prove that the defendant was the same John Tillman who had been convicted of simple robbery on April 17, 1973, the State introduced the following documentary evidence:

*1378 1. Documents executed by the arresting officers:
S-2, "rights of arrestee form" and S-3, a "field arrest report."
2. Documents from the police department archives:
S-4, an "arrest register"; S-5, a police department "disposition report;" S-6 an FBI rap sheet.
3. Document from the district attorney's office:
S-7, a closed out assistant district attorney's investigative and prosecution file.
4. Document from the clerk of court's office:
S-8, a bill of information charging the defendant with the commission of an armed robbery on December 10, 1973.[1]
Defendant timely objected to the authenticity and admissibility of this evidence.
Of the exhibits only two, S-5 and S-7, tend to show that a John Tillman was convicted of the crime of simple robbery on April 17, 1973. The other exhibits deal with matters not germane to this issue. Therefore, we pretermit the serious questions raised by the trial court's failure to exclude them from evidence and devote our discussion to the admissibility of exhibits S-5 and S-7.
Exhibit S-5 was brought to court by a police officer assigned to the police department record room who testified that the document was "a copy of our form which is typed up and prepared when someone is sent off to Angola . . . ." The document bears no certificate that it is a true copy of an original. The witness did not testify that it was an original or a genuine copy of one. Furthermore, it was not established that the officer was the legal custodian of the original or that he had been delegated the duties of maintaining lawful custody and certifying copies. On the contrary, he testified that someone other than himself, the archives officer, had "control" of the document. Thus the document was not authenticated for several reasons. It was not "certified to by the officer who is the legal custodian" as required for the authentication of copies, La.R.S. 15:457; nor was it established by the official custodian or by one shown to be his legal delegate that the exhibit was a genuine original document. See, J. Wigmore, Evidence, § 2158 (1974), et seq.; C. McCormick, Evidence, § 224 (Cleary ed. 1972). Although the authority to testify to the authenticity of an original or to certify the authenticity of a copy may be delegated when practical necessity dictates, it should clearly appear in evidence that the person authenticating an original by custody or certifying a copy has been entrusted with legal custody of the original document by the original official custodian. See, State v. Martin, 356 So.2d 1370 (La.1978); cf. State v. Washington, 322 So.2d 185 (La.1975). Therefore, exhibit S-5 was not authenticated and was erroneously admitted into evidence. See, State v. Martin, supra.
Exhibit S-7, a closed out district attorney's file, was brought to court by a police officer assigned to the district attorney as an investigator. He testified that he had retrieved the exhibit from the district attorney's closed file section. During his testimony the officer described several items which he removed from the file. None of these was related to the defendant's alleged simple robbery conviction of April 17, 1973. However, the file was marked "Tillman, John" and one of the handwritten notations appearing on the outside cover read as follows: "4/17/73 P.G. 14:65SentenceRefer to Probation for Presentence/6/7/73; Sentence3 yrs. L.S.P. c/time served". The witness testified that the file had been closed out by someone other than himself and that he did not know whether the information on the file cover was correct. When the State *1379 sought to introduce the exhibit defense counsel objected on the grounds that the handwritten notation was "self serving" and was not a proper "record" of the defendant's conviction. In view of the conspicuously objectionable nature of this evidence the grounds stated were sufficient to apprise the judge of the exhibit's inadmissibility. La.C.Cr.P. art. 841. Although the witness may have implied that the file was a genuine original, it was not established that he was the legal custodian or that he had been delegated the power of official custody or certification. The document contained out-of-court assertions offered to show the truth of the matters asserted therein. Thus the assertions contained in S-7 constituted unauthenticated, hearsay evidence, and no exception has been provided by law for their admission. See, State v. Martin, 356 So.2d 1370 (La.1978).
Defendant moved for an acquittal on the ground that the State failed to prove an essential element of the crime, i. e., that he had been convicted of simple robbery on April 17, 1973. Although S-5 and S-7 were improperly admitted into evidence, this Court is presently of the view that these inadmissible items may nevertheless be considered as evidence in determining whether to grant the motion for acquittal. City of Monroe v. French, 345 So.2d 23 (La.1977); State v. Batiste, 327 So.2d 420 (La.1976). If the inadmissible exhibits are considered, there is some evidence to support a finding that defendant had been previously convicted as recited in the bill of information. Therefore, the motion for acquittal was properly denied. However, the erroneous admission of these items requires that defendant be granted a new trial. City of Monroe v. French, supra; State v. Batiste, supra.
For the reasons assigned, defendant's conviction and sentence are reversed and the case is remanded for further proceedings consistent with this opinion.[2]
SANDERS, C. J., and SUMMERS and MARCUS, JJ., dissent.
NOTES
[1] At trial the prosecutor described S-8 as a certified copy of defendant's conviction and date of birth from the clerk of court's office. However, our review of the exhibits reveals that S-8 is a bill of information charging defendant with an armed robbery on December 10, 1973.
[2] Although I concur for purposes of reaching a just disposition, I am of the opinion that, preferably, the judgment of conviction should be amended to declare that defendant stands adjudged guilty of the crime of carrying a concealed weapon, La.R.S. 14:95 and that the case should only be remanded for resentencing.

The trial judge found defendant guilty as charged of carrying a concealed weapon by a person who has been convicted of simple robbery. Without the incompetent and inadmissible evidence in exhibits S-5 and S-7 there was insufficient evidence to support rationally a finding beyond a reasonable doubt that defendant had been convicted on April 17, 1973 of simple robbery. In a trial by judge alone the court must render a judgment of acquittal on one or more of the offenses charged, on its own motion or on that of a defendant, after the close of the State's evidence or of all the evidence, if the evidence is insufficient to sustain a conviction. La.C.Cr.P. art. 778. Accordingly, the trial judge should have entered a judgment of acquittal on the charge of carrying a concealed weapon by a person who has been convicted of a simple robbery. It does not follow from this, however, that the trial judge should have found the defendant not guilty of all charges. Carrying a concealed weapon, La. R.S. 14:95, is a lesser and included grade of the offense charged. See, La.R.S. 14:95.1. Guilty of carrying a concealed weapon, therefore, was a responsive verdict, La.C.Cr.P. arts. 815, 820, and carrying a concealed weapon was one of the offenses charged, La.C.Cr.P. art. 809. The trial court necessarily determined that the defendant was guilty of this lesser and included offense because in this case this finding was essential to finding the defendant guilty of the greater and inclusive offense. There was sufficient competent and admissible evidence to support the court's finding that defendant was carrying a concealed weapon on June 19, 1976, and the trial judge, who necessarily found defendant guilty of the lesser and included offense, should have entered a judgment of conviction of the offense of carrying a concealed weapon, La.R.S. 14:95, and should have acquitted the defendant of the offense of carrying a concealed weapon by a person who has been convicted of simple robbery, La.R.S. 14:95.1.