DENNIS, Justice,
concurring.
Although I concur in the result reached by the Court, its opinion may prove to be a source of some confusion regarding rules of evidence relating to documentary evidence.
I respectfully disagree with the part of the opinion of the Court pertaining to Assignment of Error Number 2. The officer was incompetent to testify as to how the fingerprints were taken because he admitted he did not have any knowledge of those facts. His testimony as to the general procedure normally followed by his police department was not shown to be relevant to the fingerprint evidence which the State sought to introduce.
I also disagree with the majority’s treatment of Assignment of Error Number 3. It should be pointed out that the arrest registers were not properly admissible because there is no exception to the hearsay rule under which they could have been introduced. However, the State introduced other evidence which reasonably supports the Court’s judgment of conviction, viz., certified copies of the bills of information with minute entries from the same district court in which the trial was proceeding showing the disposition of each case. This evidence was authenticated and rendered admissible by La.R.S. 13:3722, which provides for the production and use in evidence of documents belonging to the files of the district court in which the trial is proceeding.
For a statement of the rules of law governing these issues see, State v. Martin, 356 So.2d 1370 (La.1978); State v. Tillman, 356 So.2d 1376 (La.1978).