410 So.2d 741 (1982)
STATE of Louisiana
v.
Lawrence DAY.
No. 81-KA-1022.
Supreme Court of Louisiana.
January 25, 1982.
Rehearing Denied March 19, 1982.
*742 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., Ralph L. Roy, Kay Kirkpatrick, Asst. Dist. Attys., for plaintiff-appellee.
Jack M. Dampf of D'Amico & Curet, Baton Rouge, for defendant-appellant.
JAMES C. GULOTTA, Justice ad hoc[*].
Defendant was convicted of violating LSA-R.S. 14:95.1, which makes it unlawful for certain convicted felons to possess a firearm or carry a concealed weapon.[1] Appealing, defendant cites three errors by the trial court: (1) the erroneous admission of defendant's alleged "discharge certificate from parole" document into evidence; (2) the erroneous admission of his alleged "rap sheet" into evidence; and, (3) the trial court's failure to grant his motion for directed verdict on the ground of a lack of evidence of his possession of a firearm as charged in the indictment. Although we find no error in the denial of the motion for a directed verdict, we conclude the trial judge erroneously admitted the defendant's parole discharge certificate. We therefore reverse the conviction.

PROOF OF POSSESSION
Turning first to the trial judge's denial of defendant's motion for directed verdict, we find no merit to defendant's contention that there was a lack of evidence as to his possession of a firearm.
On December 14, 1979, a detective of the Baton Rouge City Police Department executed a search warrant of defendant's residence in Baton Rouge. Defendant was not home at the time the warrant was executed, but his wife directed the detective to a paper bag above a cabinet in their living room that contained a Colt caliber 357 Python revolver. Defendant, who had been convicted on three counts of simple burglary in 1963-64, was then charged with being a convicted felon in possession of a firearm.
Although not disputing that he had purchased the weapon four years before it was found by the police in his residence, defendant contends that the evidence was insufficient to establish that he was in actual *743 possession of the weapon at the time it was seized.
LSA-R.S. 14:95.1 makes it unlawful for certain convicted felons "... to possess a firearm...." The statute does not make "actual" possession a necessary element of the offense or specifically require that the defendant have the firearm on his person to be in violation. In the absence of a statutory requirement of actual possession, we conclude that "constructive" possession of a firearm by a convicted felon satisfies the possessory element of LSA-R.S. 14:95.1.
On the question of sufficiency of evidence, in our case, the applicable standard is whether a rational trier of fact, after viewing the evidence in the light most favorable to the prosecution, could have found beyond a reasonable doubt, that the defendant was in possession of the firearm. See Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Because the undisputed evidence shows that the defendant had purchased the revolver four years prior to its recovery and the weapon was found in defendant's residence, we conclude the requirement of a finding of possession, as contemplated by LSA-R.S. 14:95.1, was met in this case.
This assignment of error has no merit.

AUTHENTICATION OF "DISCHARGE CERTIFICATE FROM PAROLE"
The State introduced over defendant's objection, a copy of his certificate of discharge from parole. This document was introduced to show that the defendant had not been discharged from custody on the 1963-64 burglary convictions until January 8, 1971, within ten years of the commission of the possession offense. See LSA-R.S. 14:95.1(C)(1).[2]
In this assignment of error, defendant contends the trial court erred in allowing the introduction of the discharge certificate because the State failed to authenticate it properly. We agree.
In State v. Nicholas, 359 So.2d 965 (La. 1979), this court stated:
"[11] According to this court's reasoning in Tillman and Martin, in order to be properly authenticated, a copy of a document presented in court must either be certified to by the officer who is the legal custodian of the document, or it must appear by clear evidence that the person certifying the document has been entrusted with legal custody of the original by the original custodian. Likewise, the witness introducing the document in evidence must testify from personal knowledge as to the fact of its official custody, such as testimony as to from whom or from which office he received the document. Wigmore, Section 2158(b)(b)(1)." [footnote omitted]."
In State v. Tillman, 356 So.2d 1376 (La. 1978), a document was held inadmissible where it bore no certificate that it was a true copy of an original and where it was not established that the official who testified at trial in connection with the introduction of the document was the legal custodian of the original or had been delegated the duties of maintaining lawful custody and certifying copies as required by LSA-R.S. 15:457.[3]
In our case, Steve Cole, a probation and parole agent employed by the Department of Correction in the Division of Probation *744 and Parole, testified that he had custody, control and supervision over parole records of the State of Louisiana in his district. Cole produced what he asserted was defendant's original certificate of parole and testified that he had retrieved it from his office. He could only assume how the certificate came into his office, however, and stated that he believed at some time the document had been maintained in the state archives. He admitted that he was not the head of his department and he did not work in the state archives. A copy of the certificate of discharge admitted into evidence bears no certificate of authenticity. Furthermore, Cole did not testify that he had been delegated as the legal custodian of the document.
Applying the Nicholas and Tillman cases to the instant case, we hold defendant's parole discharge was not properly certified and should not have been admitted into evidence. Having so concluded, we reverse and set aside the conviction. Because the erroneous admission of the parole discharge certificate constituted a "trial error", defendant is granted a new trial. State v. Tillman, supra.[4]
Accordingly, this matter is remanded to the trial court for further proceedings consistent herewith.
REVERSED AND SET ASIDE.
NEW TRIAL GRANTED.

ON APPLICATION FOR REHEARING
PER CURIAM.
Rehearing denied.
The opinion is incorrect in stating that the certificate of discharge from parole was a copy instead of an original. Nevertheless, the result is correct because before an original document may be received to prove the truth of its content it must be authenticated. State v. Nicholas, 359 So.2d 965 (La.1978); State v. Tillman, 356 So.2d 1376 (La.1978); State v. Martin, 356 So.2d 1370 (La.1978); see J. Wigmore, Evidence, §§ 1637, 2129 (1974). An original document may be authenticated as genuine by the certification of the custodian because of the presumption that he will carry out his duty to receive, record, and certify only genuine official papers and reports. Wigmore, supra, at §§ 2158-59; C. McCormick, Evidence, § 224 (Cleary ed. 1972); State v. Nicholas, supra at 969. The authority to testify to the authenticity of an original may be delegated when practical necessity dictates, but it should clearly appear in evidence that the person authenticating an original by custody has been entrusted with legal custody of the original document by the official custodian. State v. Nicholas, supra, at 969; State v. Tillman, supra, at 1378. He must also clearly know and show that its place of origin was the proper one. Wigmore, supra, at § 2158.
In the case at hand, the state sought to authenticate the certificate of discharge from parole through the testimony of a probation and parole agent who testified that he was not in charge of such records and was unsure of where the document had been kept. He could only assume that the document had been maintained at some time in the state archives and admitted that he did not work in the state archives. Therefore, the original certificate of discharge from parole was not sufficiently authenticated and should not have been admitted into evidence.
MARCUS, WATSON and LEMMON, JJ., would grant.
NOTES
[*] Judges James C. Gulotta and Jim Garrison of the Fourth Circuit Court of Appeal, and Judge Bernard J. Bagert of the Criminal District Court for the Parish of Orleans, participated in this decision as associate justices ad hoc, joined by Chief Justice John A. Dixon, Jr. and Associate Justices Pascal F. Calogero, Jr., Walter F. Marcus, Jr., and Fred A. Blanche.
[1] LSA-R.S. 14:95.1 reads as follows:

"§ 95.1 Possession of firearm or carrying concealed weapon by a person convicted of certain felonies
A. It is unlawful for any person who has been convicted of first or second degree murder, manslaughter, aggravated battery, aggravated or simple rape, aggravated kidnapping, aggravated arson, aggravated or simple burglary, armed or simple robbery, burglary of a pharmacy, burglary of an inhabited dwelling, or any violation of the Uniform Controlled Dangerous Substances Law which is a felony or any crime defined as an attempt to commit one of the above enumerated offenses under the laws of this state, or who has been convicted under the laws of any other state or of the United States or of any foreign government or country of a crime which if committed in this state, would be one of the above enumerated crimes, to possess a firearm or carry a concealed weapon.
B. Whoever is found guilty of violating the provisions of this Section shall be imprisoned at hard labor for not less than three nor more than ten years without the benefit of probation, parole, or suspension of sentence and be fined not less than one thousand dollars nor more than five thousand dollars."
[2] LSA-R.S. 14:95.1(C)(1) reads as follows:

"C. Except as otherwise specifically provided, this Section shall not apply to the following cases:
(1) The provisions of this Section prohibiting the possession of firearms and carrying concealed weapons by persons who have been convicted of certain felonies shall not apply to any person who has not been convicted of any felony for a period of ten years from the date of completion of sentence, probation, parole, or suspension of sentence."
[3] LSA-R.S. 15:457 provides:

"§ 457. Force of certified documents as evidence; unauthorized certificates
A copy of a document, certified to by the officer who is the legal custodian of the same is equivalent to the original in authenticity; but the certificate of an officer to any matter not under the general powers vested in him is no evidence at all."
[4] Since we have concluded the "discharge certificate from parole" document was not properly admitted into evidence, no necessity exists to consider defendant's assignment of error that the "rap sheet" was not properly authenticated or certified by the proper custodian.