811 So.2d 154 (2002)
STATE of Louisiana, Appellee,
v.
Sammie Jean RICHARDSON, Appellant.
No. 35,450-KA.
Court of Appeal of Louisiana, Second Circuit.
February 27, 2002.
*157 Ricky L. Candler, Ruston, Counsel for Appellant.
Richard P. Ieyoub, Attorney General, Walter E. May, Jr., District Attorney, Counsel for Appellee.
Before BROWN, WILLIAMS and GASKINS, JJ.
WILLIAMS, Judge.
The defendant, Sammie Jean Richardson, was tried by a jury and convicted as charged of distribution of a Schedule II controlled dangerous substance (cocaine), a violation of LSA-R.S. 40:967(A). She was sentenced to serve five years at hard labor without the benefit of probation, parole or suspension of sentence. The defendant appeals. For the following reasons, we affirm.

FACTS
In September 1997, Ricky Bridges, a narcotics officer with the Bienville Parish Sheriff's Department, contacted Agent Evelyn Miller of the Magnolia Police Department and requested her assistance in undercover narcotics purchases in Bienville. When they met, Bridges provided Miller with money for the purchases. Miller was introduced to a confidential informant and proceeded with the informant to different locations to make narcotics purchases.
On September 7, 1997, Miller and the informant drove to the residence of the defendant, Sammie Jean Richardson, with Bridges following shortly behind them in his vehicle. The defendant's residence was located in Arcadia, Bienville Parish, Louisiana. While Bridges watched from some distance away, Miller and the informant approached the defendant's residence and encountered Rayfield McGee and the defendant. McGee was living in the defendant's residence because of his relationship with Sammy K., the defendant's daughter. Agent Miller told the defendant that she wanted to buy some crack cocaine. The defendant gave McGee her keys and instructed McGee to get the "dope" from her blue Cadillac. McGee returned from the car and gave the crack cocaine to Miller. Miller then gave McGee forty dollars, which he later gave to the defendant. McGee described his role in the transaction as that of a "middle man."
Immediately after the transaction, Officer Bridges and Agent Miller met again. Miller produced two off-white rocks and gave them to Bridges, which he immediately placed in an evidence envelope and sealed. Randall Robillard, a forensic chemist from the North Louisiana Crime Laboratory, later determined that these rocks were crack cocaine.
As a result of the information obtained from Miller, Bridges obtained arrest warrants for the defendant and Rayfield McGee. Both suspects were arrested approximately a month and a half later for distribution of cocaine. As a result of a plea bargain, and in exchange for his agreement to testify truthfully in proceedings against the defendant, McGee received a five-year suspended sentence and was placed on probation.
At trial, the defendant's daughter, Yolanda Tate, testified that she never saw the defendant with any cocaine. She also stated that the defendant had not owned a car in the last five years, and defendant did not have a driver's license. Tate could not recall the 1978 blue Cadillac that McGee testified was parked outside the defendant's home at the time of the crime. The state and the defense stipulated that the defendant had a driver's license, which expired on April 9, 1996.
On rebuttal, the state questioned Donald Byrd, an employee of the Department of *158 Motor Vehicles for the State of Louisiana. Byrd worked primarily in the driver's license division. Byrd identified computer generated documents, which showed, among other things, that ownership of a 1978 Cadillac El Dorado automobile was transferred from McGee to the defendant on October 1, 1996. The document also showed that the defendant was stopped on September 5, 1997 while driving this vehicle without insurance. Byrd testified that it is a common practice for people to transfer titles to vehicles back and forth within a household or among friends to avoid paying fines for insurance cancellations.
The defendant was convicted of distribution of cocaine. She was sentenced to serve five years imprisonment at hard labor without the benefit of probation, parole or suspension of sentence. The defendant now appeals.

DISCUSSION

Assignment of Error No.1:
By this assignment of error, the defendant contends the trial court erred in denying her motion for a "judgment of acquittal." She argues that jurisdiction and venue in Bienville Parish was never proved by the state. She also contends that the evidence was insufficient to support her conviction. In particular, she argues that the testimony given by Bridges and Miller was contradictory, and Miller's written report, which allegedly supported her testimony, was not produced by the state.
The state argues that the trial testimony established that the crime occurred at the defendant's residence located off of Hill Street in Arcadia, Bienville Parish. Moreover, the state contends that the trial court may take judicial notice that a recognizable location is inside a parish even though the parish is never specifically mentioned by name, citing State v. Adams, 394 So.2d 1204 (La.1981) and LSA-C.E. art. 201B.
The state further argues that Miller's testimony was sufficient to prove the defendant's guilt. It contends that Bridges never claimed to witness the transaction, and any alleged discrepancy between his testimony and Miller's testimony was inconsequential.

JURISDICTION AND VENUE:
LSA-C.Cr.P. art. 611 provides that all trials shall take place in the parish where the offense has been committed unless a change of venue is obtained. The Louisiana Supreme Court has held that in order for a conviction to stand, venue must be proved during the course of the trial. State v. Adams, supra; State v. Hollingsworth, 292 So.2d 516 (La.1974). However, because venue is a special question, the scope of appellate review on that question is limited to determining whether there was some evidence, no matter how little, submitted to the jury to establish venue. State v. Adams, supra; State v. Rheams, 352 So.2d 615 (La.1977); State v. West, 319 So.2d 901 (La.1975). To sustain this proof, a trial court may take judicial notice of a fact that is not subject to reasonable dispute in that it is either generally known within the territorial jurisdiction of the trial court, or capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. In this case, the court could apply the judicial notice rule to find that geographical locations mentioned by witnesses are within a particular parish, even if the parish is never specifically mentioned in the testimony. LSA-C.E. art. 201; State v. Adams, supra; Rheams, supra; State v. Batiste, 327 So.2d 420 (La.1976).
The record does not support the defendant's contention that jurisdiction and venue were never proved by the state. Both *159 Bridges and Miller testified that Miller met Bridges in Arcadia and that Miller went to the defendant's residence on Hill Street in Arcadia to make the cocaine purchase. The trial court was able to take judicial notice that the defendant's residence at Hill Street in Arcadia was located in Bienville Parish. LSA-C.E. art. 201; State v. Adams, supra; Rheams, supra; State v. Batiste, supra. Therefore, this argument is without merit.

SUFFICIENCY OF THE EVIDENCE:
The record reflects that the defendant made an oral motion for a judgment of acquittal notwithstanding the jury's verdict, which the trial court denied as a "motion for JNOV." The defendant's motion can be considered a motion for post-verdict judgment of acquittal pursuant to LSA-C.Cr.P. art. 821. Thus, the question of the sufficiency of the evidence was properly raised. See State v. Howard, 31,807 (La.App.2d Cir.8/18/99), 746 So.2d 49, rehearing denied, writ denied, 99-2960 (La.5/5/00), 760 So.2d 1190. Even if we did not consider the defendant's motion as a motion for post-verdict judgment of acquittal, this court will consider sufficiency arguments in the absence of such a motion. State v. Green, 28,994 (La.App.2d Cir.2/26/97), 691 So.2d 1273.
When issues are raised on appeal both as to the sufficiency of the evidence and as to one or more trial errors, the reviewing court should first determine the sufficiency of the evidence. The reason for reviewing sufficiency first is that the accused may be entitled to an acquittal under Hudson v. Louisiana, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981), if a rational trier of fact, viewing the evidence in accord with Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), in the light most favorable to the prosecution, could not reasonably conclude that all of the elements of the offense have been proved beyond a reasonable doubt. State v. Hearold, 603 So.2d 731 (La.1992); State v. Bosley, 29,253 (La.App.2d Cir.4/2/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333.
The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, supra; State v. Bosley, supra.
The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that the defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983); State v. Owens, 30,903 (La. App.2d Cir.9/25/98), 719 So.2d 610, writ denied, 98-2723 (La.2/5/99), 737 So.2d 747.
This court's authority to review questions of fact in a criminal case is limited to the sufficiency-of-the-evidence evaluation under Jackson v. Virginia, supra, and does not extend to credibility determinations made by the trier of fact. LSA-Const. art. 5, § 10(B); State v. Williams, 448 So.2d 753 (La.App. 2d Cir.1984). A reviewing court accords great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Bosley, supra.
In the absence of internal contradiction or irreconcilable conflict with physical *160 evidence, one witness's testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. White, 28,095 (La.App.2d Cir.5/8/96), 674 So.2d 1018, writ denied, 96-1459 (La.11/15/96), 682 So.2d 760, writ denied, 98-0282 (La.6/26/98), 719 So.2d 1048.
Positive identification by only one witness may be sufficient to support a defendant's conviction. State v. Davis, 27,961 (La.App.2d Cir.4/8/96), 672 So.2d 428, writ denied, 97-0383 (La.10/31/97), 703 So.2d 12; State v. Miller, 561 So.2d 892 (La.App. 2d Cir.), writ denied, 566 So.2d 983 (La.1990).
The crime of distribution of a Schedule II controlled dangerous substance, is prohibited by LSA-R.S. 40:967(A)(1), which provides in part:
A. Manufacture; distribution. Except as authorized by this Part or by Part VII-B of Chapter 5 of Title 40 of the Louisiana Revised Statutes of 1950, it shall be unlawful for any person knowingly or intentionally:
(1) To produce, manufacture, distribute, or dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance or controlled substance analogue classified in Schedule II; ...
Cocaine is a Schedule II controlled dangerous substance. LSA-R.S. 40:964(A)(4). "Distribute" means to deliver a controlled dangerous substance by, inter alia, physical delivery. LSA-R.S. 40:961(14).
A review of the record reveals that, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, supra. The testimony of the undercover officer, Miller, as corroborated by McGee, is sufficient to support the jury's finding that the defendant distributed two off-white rocks. These rocks were later proved to be crack cocaine, a Schedule II controlled dangerous substance. Since the record does not reveal any internal contradiction or irreconcilable conflict with the physical evidence presented, the testimony of Miller alone, obviously believed by the jury, is sufficient support for a requisite factual conclusion. State v. White, supra. This testimony was further bolstered by the corroborating testimony of McGee and Bridges. Any alleged discrepancies in the testimony given by Bridges and Miller were credibility factors which were considered by the jury, and this court's review does not extend to credibility determinations made by the trier of fact. LSA-Const. art. 5, § 10(B); State v. Williams, supra. The jury's decision to accept or reject the testimony of a witness in whole or in part will be given great deference. State v. Bosley, supra. This assignment is therefore without merit.

Assignment of Error No. 2
By this assignment of error, the defendant contends the trial court erred in denying her Motion to Dismiss because of the "use of peremptories by the State." The defendant merely asserts in brief that her motion to dismiss should have been granted because of a violation of the use of the state's peremptory challenges, stating that the state used its peremptory challenges on several jurors because of race alone, and citing LSA-C.Cr.P. art. 795.
The state notes that the defendant failed to argue this claim in brief, and failed to make an objection before the jury was empaneled. The state argues that the defendant is precluded from raising this claim for the first time on appeal.
*161 The defendant does not present any argument in support of this claim in her brief. The defendant fails to state in her brief which jurors she contends were wrongfully challenged on the basis of race, and fails to give any record references regarding this assignment of error. The minutes reflect that the defendant made a Batson challenge to Juror McClain Robinson, Jr. after the entire jury panel was sworn. A hearing was held and the Batson challenge was denied. The record also reflects that the defense failed to designate the jury venire portion of the trial to be transcribed, and the jury venire transcript was omitted from the record.
A mere statement of an assignment of error in a brief does not constitute briefing of the assignment, and, therefore, the assignment is deemed abandoned. State v. Toney, 26,711 (La.App.2d Cir.3/1/95), 651 So.2d 387; State v. Williams, 632 So.2d 351 (La.App. 1st Cir. 1993), writ denied, 94-1009 (La.9/2/94), 643 So.2d 139.
Moreover, an irregularity or error cannot be availed of after verdict unless it was objected to at the time of its occurrence. LSA-C.Cr.P. art. 814; State v. Bosley, supra; State v. Hamilton, 594 So.2d 1376 (La.App.2d Cir.1992); State v. Brown, 552 So.2d 612 (La.App. 2d Cir.1989), writ denied, 558 So.2d 581 (La.1990).
In State v. Snyder, 98-1078 (La.4/14/99), 750 So.2d 832, the supreme court held that a defendant waives review of irregularities in the selection of the jury when an objection is not timely raised. See State v. Potter, 591 So.2d 1166, 1168 (La.1991), and other cases cited therein. Here, the defendant waived appellate review of alleged irregularities in the selection of the jury because his objection was not timely raised. See State v. Snyder, supra; State v. Potter, supra.

Assignment of Error Nos. 3, 4 & 5:
By these assignments of error, the defendant contends her motion for a mistrial should have been granted, pursuant to LSA-C.Cr.P. art. 775, because of prejudicial conduct.
LSA-C.Cr.P. art. 775 provides in part for a mistrial when prejudicial conduct in or outside the courtroom makes it impossible for the defendant to obtain a fair trial. A mistrial is a drastic remedy to be invoked only when the defendant suffers such substantial prejudice that he is deprived of any reasonable expectation of a fair trial. State v. Adams, 30,815 (La. App.2d Cir.6/24/98), 715 So.2d 118, writ denied, 98-2031 (La.3/19/99), 739 So.2d 774; State v. Hattaway, 28,060 (La.App.2d Cir.5/8/96), 674 So.2d 380, writ denied, 96-1900 (La.1/10/97), 685 So.2d 141. The decision to grant or to deny a mistrial lies within the sound discretion of the trial court, and will not be disturbed absent a clear abuse of that discretion. State v. Adams, supra; State v. Hattaway, supra.

AGENT MILLER'S REPORT:
Specifically, the defendant complains that the state failed to provide her with a copy of Agent Miller's handwritten report. She asserts that the report, referred to by Miller during her testimony, contains information contradictory to Bridges' written statements and trial testimony.
The state contends all reports contained in its file were produced to the defense pursuant to discovery requests, and the alleged handwritten report prepared by Miller was never in the possession of the prosecution. Therefore, the state argues that the report is not Brady material. The state also argues that its failure to produce the report did not merit a mistrial and the trial court did not abuse its discretion in refusing to declare a mistrial.
*162 The record reveals that after the state rested its case, the defense requested that the state provide it with a copy of Miller's report. After the jury was removed, the defense noted that during her testimony, Miller referred to a handwritten report she had given to Bridges during the investigation. The defense argued that this report would show a contradiction between the testimony of Miller and Bridges, and the defendant was placed at a disadvantage because the report was not produced. The trial court denied the defendant's request for production of the document. The defendant then requested a mistrial, which was also denied.
Under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the state must disclose all evidence material to guilt or punishment and favorable to the accused. The Brady rule has since been extended to cases in which evidence adversely affecting the credibility of state witnesses is withheld from the defense. Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). The prosecution's duty of disclosure applies irrespective of the nature of the discovery request, and even when a request has not been made. United States v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976). Evidence is "material" if there is a reasonable probability (sufficient to undermine confidence in the outcome) that disclosure of the evidence would have produced a different result. United States v. Bagley, 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985). State v. Lindsey, 28,016 (La.App.2d Cir.4/3/96), 671 So.2d 1155.
The record does not reveal that the trial court erred in failing to grant a mistrial. The defendant failed to prove that he suffered such a substantial prejudice that he was deprived of any reasonable expectation of a fair trial. State v. Adams, 715 So.2d at 121; State v. Hattaway, supra. The trial court did not abuse its much discretion in denying the motion for a mistrial.

STATE EXHIBIT TWELVE-HANDWRITTEN NOTES:
The defendant merely asserts that the admission of state's exhibit number twelve, which included handwritten notes, was hearsay evidence. She offers no argument in support of this claim, cites no law, and makes no references to the record.
The state argues that the notes constituted a prior statement of the witness and were offered to rebut the implication that he was fabricating the information. LSA-C.E. art. 801D(1)(b). Thus, the state asserts that the handwritten notes were not hearsay. The state further contends that even if the documents were hearsay, they were admissible as an exception to the hearsay rule because they are official public records under LSA-C.E. 803(8).
The record shows that during trial, the state introduced into evidence Department of Motor Vehicle documents which contained Byrd's handwritten notes. The documents included computer printouts and copies of various vehicle registration certificates. Byrd's handwritten notes merely reiterated information contained in those documents for Byrd's easy reference. The defense objected, complaining that the "evidence is something that the document does not evidence". Upon further questioning by the state, Byrd testified that the notes were his own, and there was evidence contained in the documents to support those notes. The defense then cross-examined Byrd.
The state correctly notes that LSA-C.E. art. 801(C) defines "hearsay" as a statement, other than one made by the declarant while testifying at the present trial or *163 hearing, offered in evidence to prove the truth of the matter asserted. LSA-C.E. art. 801(D)(1)(b) provides, in part, that a statement is not hearsay if the declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is:
* * * *
(b) Consistent with his testimony and is offered to rebut an express or implied charge against him of recent fabrication or improper influence or motive; ...
Also, the documents, and written notes thereon, are exceptions to the hearsay rule under LSA-C.E. art. 803(8). This article provides in part:
(a) Records, reports, statements, or data compilations, in any form, of a public office or agency setting forth:
(i) Its regularly conducted and regularly recorded activities;
(ii) Matters observed pursuant to duty imposed by law and as to which there was a duty to report; or
(iii) Factual findings resulting from an investigation made pursuant to authority granted by law. Factual findings are conclusions of fact reached by a governmental agency and may be based upon information furnished to it by persons other than agents and employees of that agency.
Again, the defendant's brief contains a mere statement of an assignment of error, which does not constitute briefing of the assignment, and, therefore, the assignment is deemed abandoned. State v. Toney, supra; State v. Williams, 632 So.2d at 353.
In any event, under LSA-C.E. art. 801 D the witness's written notes are not hearsay. The notes were consistent with the witness's trial testimony, and the defense, in fact, extensively cross-examined the witness regarding these notes. Additionally, the documents are public records under LSA-C.E. art. 803(8). This argument is without merit.

STATE EXHIBIT FIVEARREST WARRANT AND AFFIDAVIT:
The defendant contends the trial court erred in its admission of state's exhibit five, in globo, which included an arrest warrant and affidavit executed by Bridges. She asserts that Bridges admitted under oath that there was information contained in the affidavit of which he had no factual knowledge. Again, the defendant makes no argument, cites no law in support thereof and makes no record references in her brief.
The state argues that the affidavit was made and the warrant was obtained by Bridges, who testified at trial. The warrant was validly obtained through proper procedures and was offered into evidence to rebut the defense's assertion that the defendant was not arrested pursuant to a warrant.
The record shows that during his trial testimony, the defense cross-examined Bridges regarding the circumstances surrounding the defendant's arrest. In particular, the defense asked Bridges if he personally saw the defendant distribute the drugs, to which Bridges responded, "No." On re-direct, the state asked Bridges to identify the affidavit he executed, pertaining to the defendant's arrest, and the arrest warrant he subsequently obtained. When the state offered these documents into evidence, the defense objected because the facts contained in the affidavit were not based on personal knowledge that the defendant committed the crime. The trial court overruled the defendant's objection.
LSA-C.Cr.P. art. 202 provides in part:
A warrant of arrest may be issued by any magistrate, and, except where a *164 summons is issued under Article 209, shall be issued when:
(1) The person making the complaint executes an affidavit specifying, to his best knowledge and belief, the nature, date, and place of the offense, and the name and surname of the offender if known, and of the person injured if there be any; and
(2) The magistrate has probable cause to believe that an offense was committed and that the person against whom the complaint was made committed it.
Hearsay evidence may form the basis for the issuance of an arrest warrant. State v. Jenkins, 338 So.2d 276 (La.1976).
The record reflects that the arrest warrant was properly issued in accordance with LSA-C.Cr.P. art. 202, based upon Bridges' affidavit wherein he stated that, to the best of his knowledge and belief, the defendant had committed the charged offense. If Bridges' affidavit was based in part upon information obtained from Miller, it was nonetheless properly executed because hearsay evidence may form the basis for the issuance of an arrest warrant. State v. Jenkins, supra. This assignment of error is meritless.

Assignment of Error No.6:
By this supplemental assignment of error, the defendant asserts the defense of entrapment. She argues that Bridges testified he knew the defendant from previous domestic matters and had no prior knowledge that she was ever involved in the distribution of illegal drugs. The defendant concludes that the only reason Bridges sent the undercover officer to her home was because of an anonymous tip. She contends that any act of distribution on her part was because of the state agent's inducement and that she had no predisposition to distribute a Schedule II controlled dangerous substance.
A legal argument cannot be raised for the first time on appeal. LSA-C.Cr.P. art. 841; State v. Cressy, 440 So.2d 141 (La. 1983). The defendant failed to make any objection or argument during her trial regarding her alleged entrapment, nor was entrapment argued at trial. This new argument was not presented in the trial court and will not be considered for the first time on appeal. Also, although the defendant assigned as error the admission of McGee's boykinization, she fails to argue this issue in brief. Therefore these assignments of error are deemed abandoned. See State v. Toney, supra; State v. Williams, 632 So.2d at 353.

CONCLUSION
For the foregoing reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.