## NOT DESIGNATED FOR PUBLICATION

## STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

## 2022 KA 1283

## STATE OF LOUISIANA

## VERSUS

## JUSTIN HUTCHINSON

*Judgment Rendered:* **JUN 2 3 2023**

********

**Appealed from the 22nd Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Case No. 4164-F-2020, Div. E**

**The Honorable William H. Burris, Judge Presiding**

********

| | |
|---|---|
| **Warren L. Montgomery**<br>**District Attorney**<br>**J. Bryant Clark, Jr.**<br>**Assistant District Attorney**<br>**Covington, Louisiana** | **Counsel for Appellee**<br>**State of Louisiana** |
| **Holli Herrle-Castillo**<br>**Marrero, Louisiana** | **Counsel for Defendant/Appellant**<br>**Justin Hutchinson** |

********

**BEFORE: WELCH, PENZATO, AND LANIER, JJ.**

Penzato, J., concurs

**LANIER, J.**

The defendant, Justin Hutchinson, was charged by bill of information with possession of a firearm by a convicted felon (count 1), a violation of La. R.S. 14:95.1; and aggravated assault upon a peace officer (count 2), a violation of La. R.S. 14:37.2. He pled not guilty and, following a jury trial, was found guilty on count 1 of the responsive offense of attempted possession of a firearm by a convicted felon. See La. R.S. 14:27. He was found not guilty on count 2. The defendant filed a motion for postverdict judgment of acquittal or alternative motion for new trial, which was denied. The trial court sentenced the defendant to seven-and-one-half years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence and imposed a $500 fine. The defendant now appeals, designating three assignments of error. We affirm the conviction and sentence.

## FACTS

On the night of August 17, 2020, Deputy Chris Galloway, with the St. Tammany Parish Sheriff's Office, was on patrol when he observed the a vehicle driven by the defendant swerving on the road in Sun, Louisiana. Deputy Galloway also saw the defendant moving back and forth in the vehicle, and because of the defendant's actions, made a traffic stop. During the stop, the defendant backed up and hit the front of Deputy Galloway's police unit, then drove forward about twenty feet and stopped. Deputy Galloway ordered the defendant out of the car. The defendant got out, walked to the front of his vehicle, then walked back to the driver's side of his vehicle and leaned in. Deputy Galloway ordered the defendant to get away from the vehicle. At this point, backup for Deputy Galloway arrived. Upon approaching, Deputy Galloway smelled marijuana on the defendant and in the vehicle he was driving. Because of the defendant's swerving as he drove, and because of the smell of marijuana in the vehicle and on the defendant's person, Deputy Galloway suspected the defendant was intoxicated. Due to the suspected

2

intoxication, the defendant was placed in a police unit. Deputy Galloway shined his flashlight through the window of the defendant's car and observed a mini Draco AK-47, loaded with a thirty-round magazine, on the rear floorboard of the passenger side. The backup officer, Deputy Seth Cunningham, recognized the defendant as a former jail inmate. Deputy Galloway ran a name check on the defendant and learned of a prior felony conviction. Deputy Galloway then seized the firearm and arrested the defendant. The defendant did not testify at trial.

## ASSIGNMENT OF ERROR NO. 1

In his first assignment of error, the defendant argues the evidence was insufficient to support the conviction. Specifically, the defendant contends the State failed to prove he had knowledge the gun was in the car.

A conviction based on insufficient evidence cannot stand as it violates Due Process. See U.S. Const. amend. XIV; La. Const. art. 1, § 2. The standard of review for the sufficiency of the evidence to uphold a conviction is whether or not, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. **Jackson v. Virginia**, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979). See La. Code Crim. P. art. 821(B); **State v. Ordodi**, 2006-0207 (La. 11/29/06), 946 So.2d 654, 660; **State v. Mussall**, 523 So.2d 1305, 1308-09 (La. 1988). The **Jackson** standard of review, incorporated in Article 821, is an objective standard for testing the overall evidence, both direct and circumstantial, for reasonable doubt. When analyzing circumstantial evidence, La. R.S. 15:438 provides that the factfinder must be satisfied the overall evidence excludes every reasonable hypothesis of innocence. See **State v. Patorno**, 2001-2585 (La. App. 1st Cir. 6/21/02), 822 So.2d 141, 144.

Pursuant to La. R.S. 14:95.1, it is unlawful for any person who has been convicted of certain felonies to possess a firearm. To prove a violation of La. R.S.

14:95.1, the State must prove: (1) the defendant's status as a convicted felon; and (2) that the defendant was in possession of a firearm. The State must also prove that ten years have not elapsed since the date of completion of the punishment for the prior felony conviction. La. R.S. 14:95.1(C). **State v. St. Cyre**, 2019-0034 (La. App. 1st Cir. 12/19/19), 292 So.3d 88, 113, writ denied, 2020-00142 (La. 5/26/20), 296 So.3d 1063.

The defendant notes that to prove an attempt, the State must show he had the specific intent to commit the offense. La. R.S. 14:27(A). Possession of a firearm by a convicted felon is a general intent crime, whereas the attempt to commit that offense is a specific intent crime. **State v. Hills**, 2010-1521 (La. App. 1st Cir. 3/25/11), 2011 WL 1103455, *7 (unpublished), writ denied, 2011-1120 (La. 11/14/11), 75 So.3d 940. Even if the evidence is insufficient to support the conviction for attempted possession of a firearm by a felon because it failed to establish specific intent, the defendant's conviction would not be subject to reversal on this basis. The jurisprudence provides that, if a jury is instructed on a responsive verdict, without objection by the defendant, then the reviewing court may affirm the conviction if the evidence would have supported a conviction of the greater offense, whether or not the evidence supports the conviction of the legislatively responsive offense returned by the jury.[1] **Id.** See La. R.S. 14:27(C); **State ex rel. Elaire v. Blackburn**, 424 So.2d 246, 251-52 (La. 1982), cert. denied, 461 U.S. 959, 103 S.Ct. 2432, 77 L.Ed.2d 1318 (1983).

The defendant does not dispute he has a prior qualifying conviction or that the gun was found on the back-seat floor of the car he was driving. He disputes, however, that he had any knowledge of the gun's existence and, as such, did not possess it or attempt to possess it. The defendant notes that the car he was driving

---

[1] The responsive verdict of attempted possession of a firearm by a convicted felon was included in the jury instructions without objection.

4

was not registered to him. He further points out that he never had actual possession of the gun, and there was no physical evidence such as fingerprints or DNA linking him to the gun.

Under La. R.S. 14:95.1, actual possession is not a necessary element of the offense, and there is no requirement that the defendant have the firearm on his person to be in violation. Constructive possession satisfies the possessory element of the offense. **State v. Day**, 410 So.2d 741, 743 (La. 1982). Constructive possession of a firearm occurs when the firearm is subject to the defendant's dominion and control. See **State v. Frank**, 549 So.2d 401, 405 (La. App. 3rd Cir. 1989) (finding that gun in plain view on the front seat of a car next to an unconscious defendant who was the sole occupant of the car constituted constructive possession of the gun, despite defendant's claims that he did not own the car and was unaware of the gun's presence in the car). **St. Cyre**, 292 So.3d at 113.

Dominion and control over a weapon constitutes constructive possession even if it is only temporary and even if the control is shared. Further, the jurisprudence has added an aspect of awareness to the offense of La. R.S. 14:95.1. Therefore, the State must also prove that the offender was aware that a firearm was in his presence and that the offender had the general criminal intent to possess the weapon. **St. Cyre**, 292 So.3d at 113. Mere presence of a defendant in the area of the contraband or other evidence seized alone does not prove that he exercised dominion and control over the evidence and therefore had it in his constructive possession. **State v. Johnson**, 2003-1228 (La. 4/14/04), 870 So.2d 995, 999. Whether the proof is sufficient to establish possession turns on the facts of each case. See **State v. Harris**, 94-0970 (La. 12/8/94), 647 So.2d 337, 338-39 (per curiam). Further, guilty knowledge may be inferred from the circumstances of the

5

transaction and proved by direct or circumstantial evidence. **Johnson**, 870 So.2d at 998; **St. Cyre**, 292 So.3d at 113.

Herein, when Deputy Galloway first attempted the traffic stop, the defendant drove for about another half mile before pulling over. Deputy Galloway observed the defendant moving back and forth in the vehicle and leaning over to the passenger side. The defendant then backed up into the deputy's unit and drove forward approximately twenty feet before stopping. The defendant then got out of the vehicle, walked to the front of the vehicle, then went back to the driver's side of the vehicle and leaned his head and both hands inside the vehicle. The jury could have found that all of these actions by the defendant, as a whole, strongly suggest the defendant had something in the car that he sought to conceal. The defendant in brief suggests that this furtive movement and leaning inside the vehicle could have been his trying to dispose or hide any marijuana located inside the vehicle. The record does not reflect, however, that the police officers found marijuana in the vehicle or on the defendant's person. Regardless, after the defendant was arrested and placed in a jail holding cell the following day, he spoke to a male on the phone. During this recorded conversation, the male asked the defendant why he had a gun. The defendant responded, "I had the gun 'cause me and [Nick] was coming back to the [city]."

In **State v. Blount**, 2001-844 (La. App. 5th Cir. 12/26/01), 806 So.2d 773, 774, during a traffic stop, as he approached the vehicle, the police officer saw a rear passenger make a sudden forward movement. The officer ordered everyone out of the vehicle, interviewed the occupants, conducted limited pat down searches, and found a loaded magazine in the defendant's pocket. The officer searched the vehicle and found a loaded .380 caliber handgun under the driver's seat toward the rear of the seat. The Fifth Circuit, in upholding the defendant's conviction for possession of a firearm by a convicted felon, noted that the gun was

6

found under the driver's seat toward the back, was slightly visible, and was accessible to the defendant.[2] **Id.** at 776.

Based on the foregoing facts of this case and the jurisprudence, a juror could have reasonably concluded that the defendant was aware of the gun in the car and that he constructively possessed it.

The factfinder can accept or reject the testimony of any witness. **State v. Eby**, 2017-1456 (La. App. 1st Cir. 4/6/16), 248 So.3d 420, 426, writ denied, 2018-0762 (La. 2/11/19), 263 So.3d 1153. See **State v. Mire**, 2014-2295 (La. 1/27/16), 269 So.3d 698, 700-01 (per curiam). The **Jackson** standard of review does not permit a reviewing court to substitute its own appreciation of the evidence for the factfinder's, assess the credibility of witnesses, or reweigh evidence. **State v. McGhee**, 2015-2140, 2015-2141 (La. 6/29/17), 223 So.3d 1136, 1137 (per curiam); **State v. Calloway**, 2007-2306 (La. 1/21/09), 1 So.3d 417, 422 (per curiam). Thus, in the absence of internal contradiction or irreconcilable conflict with the physical evidence, one witness's testimony, if believed by the factfinder, is sufficient to support a factual conclusion. **State v. Higgins**, 2003-1980 (La. 4/1/05), 898 So.2d 1219, 1226, cert. denied, 546 U.S. 883, 126 S.Ct. 182, 163 L.Ed.2d 187 (2005). An appellate court errs by substituting its appreciation of the evidence and credibility of witnesses for that of the factfinder and thereby overturning a verdict based on an exculpatory hypothesis of mitigatory circumstances presented to, and rationally rejected by, the jury. **Eby**, 248 So.3d at 426-27.

After a thorough review of the record, we find that the evidence supports the jury's guilty verdict of attempted possession of a firearm by a convicted felon was a proper responsive verdict. See **Hills**, 2011 WL 1103455 at *7-8. We are

---

[2] In **Blount**, 806 So.2d at 775-76, while the officer stated the defendant admitted ownership of the gun, the defendant claimed he had no knowledge of the gun's presence and denied ever admitting ownership of the gun to the police.

7

convinced that viewing the evidence in the light most favorable to the State, any rational trier of fact could have found beyond a reasonable doubt, and to the exclusion of every reasonable hypothesis of innocence, that the defendant was guilty of attempted possession of a firearm by a convicted felon. This assignment of error is without merit.

## ASSIGNMENT OF ERROR NO. 2

In his second assignment of error, the defendant argues he was impermissibly limited in his *voir dire* of prospective jurors.

After more than an hour of questioning by defense counsel, the trial court asked him how many more questions he had. Defense counsel replied, "A couple more hours." The trial court told him he had only five or ten minutes more for his *voir dire* questions. Defense counsel objected. The trial court noted they had already been conducting *voir dire* for three hours (first panel) and that it was not going to permit defense counsel to "go on for hours and hours and hours." Defense counsel stated he had not been able to discuss burden shifting, confirmation bias, feelings about intoxicated drivers, and the right not to testify; he then went back to questioning prospective jurors. Later, the trial court concluded *voir dire* for the first panel and, following defense counsel lodging another objection, the trial court stated the following:

> Certainly. Thank you for that objection. As a brief response, and frankly, I don't feel the need to go delve into it too deeply. The defense had way more time on [*voir dire*] than the State took. Of course, if they would have gone on for too much longer, I would have time limited them as well.
>
> As far as your inability to get to the certain topics, I gave you time when I came back. Certainly I know you wanted to delve into it through a whole lot of detail. But some simple questions and answers to the entire group, you could have easily gotten through those topics, in a general sense enough to inform you as to whether or not they would have been candidates. And frankly, I think with the information you've already elicited through the multiple hours of [*voir dire*] has been enough.

I also note that the Supreme Court in 2014 upheld a trial court's decision to limit attorneys to 20 minutes each for [*voir dire*]. And I gave you way, way, way more than that. I'm not sure the exact amount of time. But it's been hours.

Prior to the second panel being questioned, the trial court stated, in pertinent part:

> To give everybody a heads up, I'm not going to impose any type of a time limit. But somewhere around the hour and a half mark seems to be pretty sufficient. Less would certainly be better. But especially considering the simplistic, there's not too many elements in any of these crimes, around that hour and a half mark, I'm going to start looking at it real closely and make sure we are not beating the dead horse. If you want to structure it accordingly, that's where I'll be looking for.
> With that being said, I'm not going to have a stopwatch.

Although the accused is entitled to full and complete *voir dire* as set forth in La. Const. Art. I, § 17, the scope of counsel's examination rests within the sound discretion of the trial judge, and *voir dire* rulings will not be disturbed on appeal absent a clear abuse of that discretion. La. Code Crim. P. art. 786; **State v. Dyer**, 95-2368 (La. App. 1st Cir. 10/2/96), 682 So.2d 278, 280, writ denied, 96-2570 (La. 3/21/97), 691 So.2d 81. The right to a full *voir dire* does not afford the defendant unlimited inquiry into possible prejudices of prospective jurors, such as their opinions on evidence or its weight, hypothetical questions, or questions of law that call for prejudgment of facts in the case. **State v. Brown**, 2018-01999 (La. 9/30/21), 330 So.3d 199, 258, cert. denied, __U.S.__, 142 S.Ct. 1702, 212 L.Ed.2d 596 (2022).

A trial judge in a criminal case has the discretion to limit *voir dire* examination, as long as the limitation is not so restrictive as to deprive defense counsel of a reasonable opportunity to probe to determine a basis for using challenges for cause and for the intelligent exercise of peremptory challenges. Therefore, when a defendant asserts that he has been deprived of his constitutional

9

right to a full and fair *voir dire*, the reviewing court must examine the entire *voir dire* in order to determine that issue. **Brown**, 330 So.3d at 259.

The defendant alleges in brief he was not permitted to ask more questions about intoxication, which resulted in prejudice. The defendant notes he alleged he was intoxicated on marijuana at the time of the offense of possession of a firearm by a convicted felon. A juror's feelings, according to the defendant, on this topic would have made a difference in how they evaluated the case. The defendant's intoxication, however, had no bearing on whether or not he was in possession of a gun. The intoxication issue, rather, went to whether he was guilty of aggravated assault upon a peace officer; that is, whether he had the intent to strike Deputy Galloway with his car. The defendant was found not guilty of this offense. Accordingly, any complaint by the defendant regarding questions about intoxication was rendered moot.

We find that the *voir dire* transcript as a whole does not demonstrate that the trial court impermissibly restricted questioning by defense counsel, or show that the defense was rendered incapable of adequately assessing the ability of venire members to give meaningful consideration to mitigating evidence. To the contrary, defense counsel was given ample time to explore many areas of the law with the prospective jurors, and no fault can lie with the trial court in ultimately limiting *voir dire*. The trial court's rulings were consistent with jurisprudence on the issue. See **Brown**, 330 So.3d at 264. This assignment of error is without merit.

10

## ASSIGNMENT OF ERROR NO. 3

In his third assignment of error, the defendant argues the trial court erred in admitting evidence of other crimes.

Two of the defendant's calls from jail were played for the jury. On the second call, the defendant used another inmate's PIN to make the call. Also during this recorded call, the defendant said he was using other inmates' PIN codes.

The defendant asserts herein that this evidence was impermissible pursuant to La. Code Evid. art. 404(B)(1), which provides in pertinent part that other crimes evidence is not admissible to prove the character of a person in order to show he acted in conformity therewith. Specifically, the defendant contends that allowing in evidence that he used someone else's PIN to make a call prejudiced him because it was offered for no other purpose than to show a bad act, or additional criminal activity.

At trial, defense counsel made no objection regarding other crimes evidence. Regarding the second call, the only objections lodged were of relevance, and those objections were overruled. The basis or ground for an objection must be sufficiently brought to the attention of the trial court to allow it the opportunity to make the proper ruling and prevent or cure any error. A defendant is limited on appeal to the grounds for the objection articulated at trial. **State v. Young**, 99-1264 (La. App. 1st Cir. 3/31/00), 764 So.2d 998, 1005.

An irregularity or error cannot be availed of after the verdict unless it was objected to at the time of occurrence. La. Code Crim. P. art. 841(A). In order to preserve an issue for appellate review, a party must state an objection contemporaneously with the occurrence of the alleged error, as well as the grounds for the objection. **State v. Boyette**, 52,411 (La. App. 2nd Cir. 1/16/19), 264 So.3d 625, 638-39. Accordingly, because the defendant did not make any pretrial objections, file any motions to exclude the La. Code Evid. art. 404(B) evidence, or

11

raise any contemporaneous objections at trial regarding other crimes evidence, he has failed to preserve this matter for review on appeal. See **State v. Robinson**, 51,830 (La. App. 2nd Cir. 2/28/18), 246 So.3d 725, 734-35, writ denied, 2018-0573 (La. 2/11/19), 263 So.3d 897; **State v. Dilosa**, 2001-0024 (La. App. 1st Cir. 5/9/03), 849 So.2d 657, 670-71, writ denied, 2003-1601 (La. 12/12/03), 860 So.2d 1153. This assignment of error is without merit.

**CONVICTION AND SENTENCE AFFIRMED.**